## The Third Municipality of New Orleans v. Blanc.

The provision of the second article of the ordinance of the Council of the Third Municipality of New Orleans, of 19 May, 1846, imposing a fine on the owner of any animal found astray, is a legal exercise of the power vested in the Council.

Art. 63 of the constitution gives the Supreme Court appellate jurisdiction in all cases where the constitutionality or legality of any fine, forfeiture, or penalty imposed by any municipal corporation is involved; but where the question is presented on an appeal from a judgment rendered by a justice of the peace, the facts of the case cannot be examined. The jurisdiction of the Supreme Court is the same, in cases involving the constitutionality or legality of any tax, toll, or impost.

APPEAL from a judgment of *Canonge*, a Justice of the Peace in New Orleans. *Bauregard*, for the plaintiffs. *Collens*, for the appellant.

The judgment of the court was pronounced by

EUSTIS, C. J. This was an appeal from one of the justices of the peace of New Orleans. The court is called upon to determine on the illegality of the second article of an ordinance of the Council of the Third Municipality concerning stray animals, passed on the 19th of May, 1846. The article is in these words:

"The owner of any animal, or animals, found astray, shall be liable to a fine of two dollars per head, one half for the benefit of the municipality, and the other half for the benefit of the keeper."

This enactment is within the police power vested in the government of the municipality, and the amount of the fine does not exceed the limit prescribed by law. This is the only part of the ordinance upon which, as the case is presented to us, we are authorized, under our view of the jurisdiction of this court, to pronounce an opinion. But it is contended by the counsel of the defendant that, this being an appeal from a fine imposed under a municipal ordinance, this court must examine and determine on the facts of the case, and not simply on the constitutionality and legality of the ordinance. The sixty-third article of the fourth title of the constitution provides thus:

"The Supreme Court, except in cases hereinafter provided, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases when the matter in dispute shall exceed three hundred dollars, and to all cases in which the constitutionality or legality of any tax, toll, or impost of any kind or nature soever, shall be in contestation, whatever may be the amount thereof; and likewise to all fines, forfeiture, and penalties imposed by municipal corporations, and in criminal cases, on questions of law alone, whenever the punishment of death or hard labor may be inflicted, or when a fine exceeding three hundred dollars is actually imposed."

We have come to the conclusion that, independant of its ordinary appellate jurisdiction in civil cases, the jurisdiction of this court is confined to the examination of the constitutionality and legality of fines, forfeitures and penalties imposed by municipal corporations, as well as to the constitutionality and legality of taxes, tolls and imposts, and that these subjects rest on the same footing in relation to the appellate power of the court. It would be an unreasonable construction which would authorize a decision on the facts in one of the cases, or

THIRD MUNICI-
PALITY OF NEW
ORLEANS
*v.*
BLANC.

classes of cases, and not in the other. The purpose of the constitution was to enable the citizen, in all the cases provided, to test their constitutionality and legality in the court in the last resort, and thus enable this tribunal to interpose directly a check upon the abuses of municipal legislation. Questions arising in the application and execution of municipal ordinances are left with the ordinary tribunals, under the right of appeal for an examination of the facts as in other civil cases. The magistrates who administer the laws are all, in relation to their judicial functions, state officers, and there is no reason for any direct supervision over their proceedings as to matters of fact, in any particular class of cases within their jurisdiction. Any inconvenience in this respect is presumed to be fully provided for in the mode of their selection, and the short duration of their appointment.

It would be difficult to assign a reasonable cause, which should subject these two clauses of the constitution to an entirely different operation, and require from the appellate court, in case of a tax, toll, or impost, however extortionately or unjustly applied, to confine itself to the question of its constitutionality or legality, without giving the party aggrieved any other relief than the decision on these points would afford, and in case of a fine or penalty enable the same court to take cognizance of, and decide upon, the whole merits of the case.

The reason is the same in both cases for the exercise of the appellate power on questions of law, and its non-exercise on matters of fact. By these means, which we recognize the constitution as affording, supervision over municipal legislation is secured, and the cognizance of facts left with the tribunals of the first instance exclusively, in cases under the amount fixed for the appellate jurisdiction of this court in civil cases.

The concluding part of this article of the constitution limits the jurisdiction of this court in criminal cases to questions of law, and the conclusion that, in the case of a petty fine, a greater privilege should be held to be secured to the citizen than in a prosecution involving liberty or life, must rest on something more definite than a mere implication.

Another conclusive reason against adopting the interpretation of the clause of the article contended for by the counsel for the defendant is, that the determination of questions of fact in the numerous cases which occur of this kind would be impossible under the present organization of this court.

We have given our reasons at length, not because we considered the matter discussed as presenting any serious difficulty, but because it is desirable to settle all questions concerning the powers of this court, as they arise and are brought before us.                              *Judgment affirmed.*[*]

---

[*] A similar judgment was pronounced at the same time on another appeal, between the same parties, from the same justice, the question being the same in both cases.