F. B. ROBERTS, Plaintiff in Error, *v.* ABSALOM OGLE, Defendant in Error.

ERROR TO GREENE.

The legislature has authority under the constitution to confer on an incorporated town, the power to declare what shall be nuisances, and to provide for their abatement.

Under this power, an ordinance declaring that swine running at large are nuisances, and providing for the abatement thereof, is valid.

THIS was an action of replevin, commenced before a justice of the peace, and taken on an appeal to the Circuit Court of Greene county. Ogle was plaintiff below, and replevied from Roberts eight head of hogs.

The testimony showed that Ogle was the owner of the hogs in controversy; that Ogle lives some three or four miles out of Carrollton; that the hogs were found in the possession of Roberts, and were demanded from Roberts by Ogle's agent before suit was brought, and that Roberts refused to give them up till his charges were paid; that Roberts was the town con-

stable of the town of Carrollton; that the hogs were taken up by Roberts when running at large in the town of Carrollton; that the town of Carrollton was a corporation under the general incorporation law, and that the trustees had passed an ordinance declaring the running at large of hogs in said town a nuisance; that from and after the 15th of December, 1860, it shall be the duty of the town constable of said town to take up any swine which may be found running at large in any of the streets, alleys or uninclosed lots of said town; he shall put up the said swine in some safe place within the limits of said town, and shall, within twelve hours after taking up such swine, post up a notice in three of the most public places in said town, (one of which said places shall be the court-house door,) giving in said notice a description of said swine and the marks thereon; and if said swine are not redeemed in the maner hereinafter provided by the owners thereof, within ten days from the date of said advertisement, said town constable shall proceed to sell, etc.

The mode of redeeming is pointed out in section three of said ordinance, to wit, the payment of fifty cents per head and the constable's charges, which are for advertising each lot of hogs, twenty-five cents and feed; feeding and watering per day, fifteen cents.

Said ordinance was published as required by law. Hogs were replevied on the 16th of February, 1861, and within a day or two before were taken up by Roberts as town constable.

The Circuit Court, on the trial of said cause, gave the following instructions for defendant, to wit:

That under the laws of the State of Illinois the owners of stock have the right to turn them upon the common range of the county, and the corporation of the town of Carrollton has no right to pass an ordinance to impair that right; and that the ordinance, under which the defendant justifies the taking of the plaintiff's hogs, is null and void, so far as it regards persons residing without the limits of the corporation.

JAMES W. ENGLISH, for Plaintiff in Error.

The instruction of the court was an error, because the corporation of Carrollton, by law, had the right to declare what shall be considered a nuisance. Rev. Laws 1845, page 114; and case of *Goddard* v. *Town of Jacksonville*, 15 Ill. 588.

CATON, C. J. The town of Carrollton was by its charter authorized to declare what should be nuisances, and to provide for the abatement thereof by ordinance. An ordinance was passed, declaring swine running at large within the corporate limits to be nuisances, and providing for the abatement thereof. The court instructed, "that under the laws of the State of Illinois, the owners of stock have the right to turn them upon the common range of the county, and the corporation of the town of Carrollton has no right to pass an ordinance to impair that right; and that the ordinance, under which the defendant justifies the taking of the plaintiff's hogs, is null and void, so far as it regards persons residing without the limits of the corporation." This instruction was erroneous. Admitting the right of common to be as stated, it is not such a right as is not within legislative control. It may be abridged or destroyed, wherever and whenever the law-making power may think the public good may require it. If the legislature has the constitutional authority to confer this power upon the corporation, then the corporation had authority to pass this ordinance. The right to have hogs at large, in the corporate limits, is of no higher order than the right to have spirituous liquors within the same limits, and in the case of *Goddard* v. *Jacksonville*, 15 Ill. 588, we held that it was competent to the legislature to authorize the corporation to destroy such right by declaring liquor a nuisance there. The ordinance was valid, and the instruction erroneous.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*