THOS. J. MOORE V. CRENSHAW & LUCKEY.

(No. 2375, R. Book No. 4, p. 229.)

APPEAL from Travis County.    Opinion by WILLSON, J.

**§ 264.** *City ordinance impounding and selling stock running at large; validity of.*   By an ordinance of the city of Austin, it is provided that "It shall not be lawful for the owner or keeper of any horses, mules, jacks, jennets, cattle, sheep, goats, hogs or other animals, except milch cows, as hereinafter provided by ordinance, to permit the same to run at large, day or night, within the city of Austin." There are also other ordinances providing for the enforcement of this ordinance by the capture, impounding and sale of all such animals not redeemed before sale by the owner.

*Same.* M., a citizen of Coryell county, being in the vicinity of Austin city with a team of horses, which he turned loose, one of which strayed, and being found running at large in the streets was taken up and sold in compliance with said ordinances, sued the purchasers, and insisted: 1st. That the ordinances were invalid, inconsistent with the laws of the state, and void. 2d. That they did not operate upon non-residents of the corporation. *Held:*

1. That the city council of Austin had full power and legal authority to enact the impounding ordinances. [Waco v. Powell, 32 Tex. 258.]

2. That said ordinances are valid and binding, and operative upon all animals found running at large within the city limits in violation of the ordinances, and this without regard to whether or not such animals are owned by residents or non-residents of the city.

3. That plaintiff having turned his horse loose, it was by his own fault that the horse strayed into Austin, and the running at large of the horse must be regarded as permission on the part of the owner within the meaning of the ordinance.

4. That the horse having been sold in accordance with the ordinance, the purchaser thereof acquired a valid and perfect title, subject only to the plaintiff's right to redeem, which right plaintiff has not seen proper to avail himself of.

*Authorities* in support of above propositions. A case directly in point in many respects is The Mayor of Carterville v. Lanham (S. C. Ga., Sept. 21, 1881), published in 13 vol. Law Reporter, No. 18, p. 552. [See, also, Dillon on Munic. Corp. (3d ed.) §§ 355, 356; 1 La. Ann. 385; 30 Ill. 459; 14 Gray, 52; 9 Allen, 266; 8 B. Monroe, 433; Waco v. Powell, 32 Tex. 258.]

June 24, 1882.                                    Affirmed.