## THOMAS J. MOORE vs. CRENSHAW AND LUCKEY.

### COURT OF APPEALS, AUSTIN TERM, 1882.

*Impounding estray—City ordinance—Sale by pound master—Title of purchaser—Negligence of owner—His right to redeem—His residence—Case approved.*—An ordinance of the city of Austin provided that: "It shall not be lawful for the owner or keeper of any horses   *   *   *   to permit the same to run at large at any time, day or night, within the corporate limits."

Other ordinances provided for the appointment of a pound master, the capture and impounding of animals found running at large within the city limits, the redemption of impounded animals by the owner, the sale of such animals, when not so redeemed, and the redemption thereof by the owner after sale.

While these ordinances were in force, a resident of Coryell county was within Travis county with a team of horses belonging to him, when one of them strayed away from him, into the limits of the city of Austin, where it was duly impounded and sold by the pound master, under the above ordinances, without the knowledge of the owner, who had made inquiry and search for the horse, but did not learn of or find the horse until he found it in the possession of the purchaser, long after the sale, whereupon, he brought suit against such purchaser to recover the horse, and for the value of the services thereof, claiming such ordinance to be invalid.

*Held*, that this question has been settled adversely to the plaintiff by The City of Waco vs. Powell, 32 Texas, 258, which decision is approved.

*Held*, also, that the city council of Austin had authority to enact such impounding ordinances.

*Held*, also, that said ordinances are operative as to all animals found running at large within the city limits, in violation of such ordinances, regardless of whether owners of such animals are residents or non-residents of the city.

*Held*, also, that the plaintiff was at fault, and that the running at large of his horse within the city limits was *permissive*, on his part, within the meaning of the ordinance.

*Held*, also, that the purchaser at the pound sale acquired a valid title, subject only to the plaintiff's right to redeem, which right, in this action, he did not seek to enforce.

3c

Appeal from Travis county—Opinion by Willson, J.—The city of Austin, by its council, enacted an ordinance in the following words:

"It shall not be lawful for the owner or keeper of any horses, mules, jacks, jennets, cattle, sheep, goats, hogs, or other animals, except milch cows, as hereinafter provided by ordinance, to permit the same to run at large at any time, day or night, within the corporate limits of the city of Austin."

Other ordinances were enacted, providing means for the enforcement of the provisions above quoted. These ordinances provided (1) for the appointment of a pound master; (2) for the capture and impounding of animals running at large in the city; (3) for the redemption of said animals by the owner when impounded; (4) for the sale of said animals when not redeemed, and (5) for the redemption of said animals by the owner after sale.

In July, 1881, the appellant, Moore, being in Travis county with a team of horses, one of his horses strayed from him, and was found running at large in the streets of Austin. The horse was taken up by the city authorities and impounded, and after due notice, in accordance with the ordinances of the city, was sold, and was purchased by appellee Luckey, who afterwards sold a one-half interest in said horse to the appellee Crenshaw. Appellant was a citizen of Coryell county, Texas. Appellant made inquiry and search for his horse, but did not find him until March, 1882, when he found him in the possession of appellees. He sued appellees in the court of a justice of the peace in Austin for the horse, which horse he valued at $125, and also for the use of the horse from July 24, 1881, the date when the horse was sold by the city, to March 18, 1882, which use he estimated at $74. The justice of the peace adjudged that appellant, Moore, recover of the appellees, Crenshaw and Luckey, the horse, valued by the jury at $100, upon payment, by appellant to appellees, of the sum of $39.90, that being double the amount which the horse had sold for at the pound sale, and that appellant pay all costs of the suit. From this judgment appellant appealed to the county court, where, upon trial, judgment was rendered that he take nothing by his suit, and that he pay all costs, and from this judgment the appellant has appealed to this court. In the county court the trial was before the judge, without a jury, and the record contains the findings, or conclusions of the judge upon the facts and law of the case. The judge concludes as follows: "The court

holds that said ordinances are valid, and that the sale thereunder is sufficient to protect defendants in the possession of said horse until plaintiff shall pay, or tender to pay, double the amount paid by said Luckey for said horse at said pound sale, and the reasonable expenses of keeping said horse, as required by article 35 of said ordinances. That plaintiff is not entitled to recover of defendants for the use of said horse during the time he has been in their possession."

It is contended by appellant's counsel that these conclusions of the court are erroneous. It is ably and earnestly urged by them that the impounding ordinances of the city of Austin, under and by virtue of which appellant's horse was sold, are inconsistent with the laws of this State, unreasonable, and void.

We have given to the important questions presented to us in this case all the investigation and consideration that we could consistently with our duty to other important and pressing cases before us for determination. We cannot now spare the time to discuss these questions elaborately, but must content ourselves with stating our conclusions, and citing such authorities as we have been able to examine, which, in our judgment, will support those conclusions.

As to the validity of the impounding ordinances, we think that question has been satisfactorily settled in the case of Waco vs. Powell, 32 Texas, 258, and we think the opinion in that case is well sustained by the decisions of the courts of other States, and by elementary authorities. The ordinance which was attacked in that case was substantially the same as the one attacked in this case. The same objections were urged against the validity of it that are now urged against the validity of the Austin ordinances. We are unable to perceive any material difference between that case and the one at bar, and believing that the doctrine of that case is fully sustained by authority, we adopt and affirm it in this case, and hold that the ordinances in question are valid. (See Waco vs. Powell, 32 Texas, 258, and the authorities there cited.)

In addition to the authorities cited, attention has been called to a case decided by the Supreme Court of Georgia September 21, 1881. (The Mayor, etc., of Cartersville, vs. Lanham, published in vol. 13, No. 18, of The Reporter, p. 552.) That case is precisely similar in many respects to the one before us. In that case, certain hogs of the defendant in error, who was a non-resident, were found on the streets of Cartersville, and impounded under an ordinance

which provided for the impounding of all hogs found straying at large on the streets, and for the sale thereof after advertising them for five days, unless the owner came forward, claimed them, and paid the charges thereon. He filed his bill denying the right of the city government to pass and enforce such an ordinance, and praying for an injunction. The Supreme Court held that this ordinance was authorized and lawful, and that it operated upon non-residents as well as residents of the corporation. It cites as supporting authorities the following: Dillon on Munic. Corp., 3 ed., sec. 402; 1 La. Ann., 385; 30 Ill., 459; 14 Gray, 52; 9 Allen, 266; 8 B. Monroe, 433, and Waco vs. Powell, 32 Texas, 258. In addition to those authorities we refer also to Dillon on Munic. Corp., secs. 355, 356.

Without consuming further time in the discussion of the questions presented in this case, and which have been thoroughly and ably argued before us by the counsel on either side, we determine as follows:

1. That the city council of Austin had full and legal authority to enact the impounding ordinances.

2. That said ordinances are valid and binding, and operative upon all animals found running at large within the city limits in violation of the ordinances, and this without regard to whether or not such animals are owned by residents or non-residents of the city.

3. That plaintiff having turned his horse loose, it was by his own fault that the horse strayed into Austin, and the running at large of the horse must be regarded as permissive on the part of the plaintiff within the meaning of the ordinance.

4. That the horse having been sold in accordance with the ordinances, the purchaser thereof acquired a valid and perfect title thereto, subject only to the plaintiff's right to redeem, which right plaintiff has not seen proper to avail himself of.

5. That the findings, conclusions and judgment of the court below are supported by the law and the evidence, and are correct.

In determining as we do, we fully appreciate the hardship of this particular case. The plaintiff, without any gross neglect, carelessness or improper conduct on his part, has been deprived of his property, and he is without legal remedy. But these individual cases of hardship will occur under the operation of almost any law. Laws are enacted for the protection, peace, welfare and security of the State or community which they are intended to govern. They

are for the benefit of the many, and while they may operate harshly and injuriously upon the rights of a few, still they must be upheld for the public good.

Finding no error in the judgment of the court below, it is affirmed.