O’NIELL, J.
The mayor and board of aldermen of the town of Thibodaux, after proper advertisement for bids, and in conformity with the provisions of the act 241 of 1912, entered into a contract with the Texas Grading Company, Incorporated, to grade, drain, and gravel certain streets of the town.
When the work was done and accepted, the plaintiffs, who are taxpayers owning property abutting the graveled streets, instituted this suit against the town and the grading company to have the contract and all ordinances, resolutions, and proceedings adopted in furtherance thereof, and the certificates of indebtedness issued thereon by the governing authority of the municipality, decreed null.
The plaintiffs contend that the Act No. 241 of 1912, under which the defendants proceeded, is invalid because it purports to be an amendment of the Act No. 10 of 1896, which they say had been repealed by section 34 of the Act No. 136 of 1898. They contend also that the statute of 1912 violates article 31 of the Constitution, in that its object is not expressed in its title. In this connection, they point out that, although the title of the statute of 1912 is “An act to amend and re-enact Act 10 of 1896,” etc., the so-called amending act does not, in express terms, amend nor re-enact the statute of 1896, but is drafted in the form of a new and independent statute upon the same subject. In the alternative, the defendants contend that, even if the mayor and board of aldermen had authority in law to enter into such a contract, the sum dedicated by the municipal authorities, in 1914, to pay a portion of the contract price, exceeded, with prior dedications, the estimated excess of revenues over the statutory, necessary, and usual charges of that year, and that the proceedings therefore violate the provisions of the Act No. 32 of 1902 and the amending Act No. 128 of 1910. The district court rejected the demands of the plaintiffs, and they have appealed.
[1] Act No. 10 of 1896 is entitled:
“An act to empower cities and towns (the city of New Orleans excepted) having a population exceeding ten thousand to pave, macadamize or otherwise improve streets and alleys and to levy and collect special taxes and local contributions on real estate abutting the same to defray a part of the" cost' of such work or improvement.”
Act No. 136 of 1898 is a general charter governing the municipal corporations that have adopted' its provisions by a popular vote, as provided in section 40' of the act. Section 34 of Act No. 136 of 1898 provides how municipal authorities shall proceed to levy special assessments for improving the streets.
The plaintiffs’ counsel contend that the Act-No. 10 of 1896 was repealed by section 34 of Act 136 of 1898, because the two statutes are different in a number of details which have been pointed out. They rely upon the decision rendered by this court in the case of *213 Louisiana Improvement Co. v. Baton Bouge Electric & Gas Co. et al., 114 La. 534, 38 South. 444, where it was held that the Act No. 10 of 1896, empowering cities having a population exceeding 10,000 to pave streets, etc., was, as to the city of Baton Bouge, repealed by section 35 of Act 169 of 1898, the new charter of that city. All that was decided there, however, is that the statute of 1896, applying only to cities of more than 10,000 population, was repealed as to the city of Baton Bouge, by the new charter of that city, which, having a population of more than 10,000, had been theretofore within the operation of the statute of 1896.
The town of Thibodaux, having a population less than 5,000, has never been within the provisions or under the operation of the Act No. 10 of 1896. How can it be said that the statute of 1896 was repealed as to the town of Thibodaux, since that statute was never in operation as to the town of Thibodaux? The decision in the case cited is controlled by the significant expression, “as to the city of Baton Bouge.” It has no application to a city or town to which the statute of 1896 did not at any time apply.
Our conclusion is that, as to the town of Thibodaux, the Act No. 10 of 1896 was not repealed by the Act No. 136 of 1898, because the statute of 1896 never had any force or effect in or upon that municipality. After the passage of the Act No. 136 of 1898, all cities having a population exceeding 10,000 were yet governed by the Act No. 10 of 1896, unless and until they adopted the provisions of the act of 1898, by a vote of the citizens, as provided in section 40 of that act.
As the statute of 1896 was not repealed by section 34 of the Act No. 136 of 1898, except, perhaps, as to cities having a population exceeding 10,000, that adopted the provisions of the act of 1898, there is no merit in the contention that the statute of 1896 could not have been amended by the Act No. 241 of 1912, so as to apply to the town of Thibodaux, an incorporated parish seat having less than 5,000 inhabitants.
Before the passage of the Act No. 241 of 1912, the town of Thibodaux had, by a popular vote, adopted the general charter provide ed in the Act No. 136 of 1898, and the municipal authorities were then governed by section 34 of that act, in the method of levying local assessments for improving streets. Therefore, as far as the town of Thibodaux is concerned, it would make no difference if the Act No. 10 of 1896 was repealed by the Act No. 241 of 1912, unless the repeal of the statute of 1896 would affect the validity of the so-styled amending and re-enacting statute of 1912. It was decided, however, in the case of State v. Walters, 135 La. 1070, 66 South. 364, that, under article 32 of the Constitution of this state, a repealed law may be amended provided it be revived or re-enacted in the amending statute.
[2] The argument that the object of the Act No. 241 of 1912 is not expressed in its title is founded upon the fact that, although the title is “An act to amend and're-enact Act 10 of 1896,” etc., the text of the so-styled amending act does not expressly declare that the act of 1896 is thereby amended and reenacted, but is drawn in the form of an independent and original statute.
The title of the Act No. 241 of 1912 is:
“An act to amend and re-enact Act 10 of 1896, entitled ‘An act to empower cities and towns (the city of New Orleans excepted) having a population exceeding ten thousand and all incorporated parish seats, to pave, macadamize or otherwise improve streets and alleys and to levy and collect special taxes and local contributions on real estate abutting the same to defray a part of the cost of such work or improvement.’ ”
By comparing the foregoing title of the statute of 1912 with the title of the act of 1896, which was set forth above at the beginning, it appears that, in quoting the title of the act to be amended and re-enacted, *215 there is added “and all incorporated parish seats,” in the new title.
The title of the statute of 3.912 is therefore somewhat irregular in form, hut it serves the purpose of expressing the object of the act, as required by article 31 of the Constitution.
The text of the Act No. 241 of 1912 does not begin, as its title indicates, thus:
“Be it enacted by the General Assembly of the state'of Louisiana that Act No. 10 of 1896 be amended and re-enacted,” etc.
It begins thus:
“Section 1. Be it enacted by the General Assembly of the state of Louisiana, that the municipal authorities of any town or city in this state (the city of New Orleans excepted), having a population exceeding ten thousand people and all incorporated parish seats shall have the power to pave,” etc.
The inclusion of “all incorporated parish seats” is what mates the law applicable to the town of Thibodaux.
This attach on the validity of the statute of 1912, which we are now considering, was made upon Act No. 32 of 1902, by the plaintiffs in the case of Murphy et al. v. Police Jury of St. Mary Parish, 118 La. 401, 42 South. 979. The title of the Act 32 of 1902 is “An act to amend and re-enact Act No. 30 of * * * 1877, * * * entitled,” etc. The text of the so-styled amending act was in the form of an original, independent statute. It was decided that, as the object of the act of 1902 was clearly expressed in its title, the irregularity in the form of expression did not violate article 31 of the Constitution. Adhering to that doctrine, we conclude that, as original and independent legislation, the Act No. 241 of 1912 is a valid statute.
[3] The remaining issue to be disposed of is presented by the plaintiffs’ allegation that the amount dedicated by the municipal authorities in 1914, to pay' the proportion of the cost of the paving due by the town, with prior dedications, exceeded the estimated excess of revenues, over the statutory, necessary, and usual charges of that year.
[4] It was not alleged that there was fraud, unfairness, error, or exaggeration committed in the budget or estimate of the excess of revenues over the statutory, necessary, and usual charges of the year 1914. Hence we affirm the ruling of the district judge, rejecting the evidence offered for the purpose of showing that the estimate of the revenues-was not fair and reasonable.
It appears that there were outstanding two bonds or certificates of indebtedness bearing upon the municipal electric light plant, which had. fallen due in 1913, and two similar bonds maturing in 1914, which altogether exceeded the estimated excess of the revenues, over statutory, necessary, and usual charges, of that year. The complaint is made in the argument that the municipal authorities refunded the indebtedness on the electric light plant, by issuing new certificates in lieu of the outstanding bonds, extending and distributing the payments over a period of nine years, so that the total of debts maturing each year would not exceed the estimated excess of the revenues of 1914, the year in which the paving contract was made. We see no harm in that arrangement. It is not our province to question the policy or wisdom of any ordinances or proceedings not attacked directly in this suit. The dedication complained of does not violate the restriction contained in section 2 of Act No. 32 of 1902, as amended by Act No. 128 of 1910, “that no dedication of future revenues shall be made which, alone or with * * * prior dedications in force, shall exceed the estimated excess of revenues over the statutory, necessary and usual charges of the year in which the agreement or contract is made.”
The judgment is affirmed at the cost of the appellants.
MONROE, C. J., dissents.