O’NIELL, J.
The defendant has appealed from a conviction for violating an ordinance of the town of Hammond by permitting the privies on his premises to become filthy and unsanitary. He was sentenced to pay a fine of $25 and costs or be imprisoned 30 days. He filed a demurrer in the municipal court, contending that the Ordinance No.. 50, approved October 3, 1900, under which he was prosecuted, was repealed by the Ordinance No. 142, approved June 4, 1912. The demurrer being overruled, the case was submitted on a statement of facts, in which it appears that the privies which are in an unsanitary condition are on premises owned by the defendant but occupied by tenants, and that the defendant did not know that the tenants had neglected the cleaning of their privies.
[1] Our jurisdiction in this case extends only to the question of legality of the penalty imposed by the municipal ordinance. We have nothing to do with the question of guilt or innocence of the defendant.
[2] Ordinance No. 50 makes it unlawful for any property owner to permit any cesspool, privy, or any other place of accumulation of filth on his premises to become injurious to the health of the inhabitants of the town. Ordinance No. 142 provides that all privies constructed after the adoption of the ordinance shall be constructed according to what is known as the “Styles” system, and that all existing privies shall be converted to conform with the “Styles” system as near as possible. It also provides that the cleaning of privies shall be done exclusively according to the rules and regulations of the board of health, and that it shall be unlawful for any private citizen to do such work. It provides for the removal of the filth at stated intervals, for the furnishing of sealed receptacles for that purpose, etc. The repealing clause does not expressly repeal Ordinance No. 50 on the same subject, but provides that any and all ordinances or parts of ordinances in conflict with the provisions of the later ordinance are repealed. Therefore Ordinance No. 50 is not repealed by Ordinance No. 142 unless it is in conflict with the provisions of the latter ordinance. Our conclusion is that the two ordinances do not conflict with one another. Ordinance No. 142 does not put old-style privies under the supervision and control of the board of health, nor relieve the property owners of the responsibility to keep them clean and sanitary. It ordains that they shall be abolished or reconstructed. A property owner who fails or neglects to convert or construct his privy to conform to the “Styles” system violates Ordinance No. 142; and, if he permits his old-style privy to become unsanitary, he also violates Ordinance No. 50. ,
The penalty prescribed for a violation of Ordinance No. 50 is a fine of not less than $5 nor more than $50 or imprisonment for not more than 25 days. The alternative penalty of imprisonment imposed in this case, therefore, appears to be excessive; but the only question presented in this appeal is as to legality of the ordinance complained of.
The conviction is affirmed.