(73 South. 996)

No. 22287.

CITY OF SHREVEPORT v. NEJIN.

(Jan. 15, 1917.)

*(Syllabus by the Court.)*

1. INTOXICATING LIQUORS ☞10(2)—ORDINANCES—NUISANCES—BLIND TIGER.

A city in which the sale of intoxicating liquor is prohibited has authority, under the general welfare clause in its charter and under the general grant of police power, to adopt an ordinance to suppress "blind tigers" as a public nuisance. It is not necessary that the authority to suppress such a nuisance be expressed in exact terms in the municipal charter.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 8, 9; Dec. Dig. ☞10(2).]

2. STATUTES ☞141(2) — AMENDATORY ACT — REFERENCE—VALIDITY.

Act No. 8, Ex. Sess. 1915, entitled "An act to amend and re-enact Act No. 146 of 1914, entitled 'An act to define and prohibit the keeping of a "blind tiger,"'" etc., is valid as original and independent legislation, defining and prohibiting blind tigers, notwithstanding Act No. 146 of 1914 is not mentioned in the body of Act No. 8, Ex. Sess. 1915.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 48, 209; Dec. Dig. ☞141(2).]

3. STATUTES ☞108—SUBJECT AND TITLE—CONSTITUTIONAL PROVISIONS.

The constitutional requirement that a statute shall have only one object does not mean that each and every means necessary to accomplish the object of the law must be provided for by a separate statute relating to it alone. A statute that deals with several branches of one subject does not thereby violate the constitutional requirement that the act shall have only one object.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 135; Dec. Dig. ☞108.]

4. SEARCHES AND SEIZURES ☞7—CONSTITUTIONAL PROVISIONS—BLIND TIGER.

The Fourth Amendment of the Constitution of the United States does not apply to state statutes. The corresponding article of the Constitution of Louisiana, article 7, guaranteeing the people against unreasonable search and seizure, is not violated by a statute that authorizes the issuance of a warrant to search a place suspected of being a "blind tiger," on an affidavit reciting that the affiant believes the place designated to be a "blind tiger" and on such additional evidence as the court may require to make out a prima facie case.

[Ed. Note.—For other cases, see Searches and Seizures, Cent. Dig. § 5; Dec. Dig. ☞7.]

5. CONSTITUTIONAL LAW ☞251 — FOURTEENTH AMENDMENT — POLICE POWER OF STATE.

The Fourteenth Amendment of the Constitution of the United States was not intended to hamper, or to authorize the courts to interfere with, the state's exercise of its police power to promote the morals, health, and safety of her citizens.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 726, 727, 732; Dec. Dig. ☞251.]

6. STATUTES ☞77(1)—"LOCAL OR SPECIAL LAW"—CRIMINAL STATUTE.

A criminal statute, general in its terms, applying alike to all persons who may come within its provisions, is not a "local or special law," even though the conditions under which it can operate prevail only in certain parts of the state.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 79, 81; Dec. Dig. ☞77(1).

For other definitions, see Words and Phrases, First and Second Series, Local Law; Special Law.]

7. COURTS ☞224(7)—SUPREME COURT OF LOUISIANA — JURISDICTION — CONSTITUTIONAL PROVISIONS.

The constitutional provision that the jurisdiction of the Supreme Court shall extend to all cases in which the constitutionality or le-

gality of a penalty imposed by a municipal corporation is in contestation does not mean that in any such case this court shall have jurisdiction to inquire into the regularity or legality of the proceedings had in the prosecution, but limits the jurisdiction to questions of constitutionality or legality of the municipal ordinance imposing the penalty.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 616; Dec. Dig. ☞224(7).]

Monroe, C. J., dissenting.

Appeal from City Court of Shreveport; D. B. Samuel, Judge.

F. A. Nejin was convicted of violating an ordinance of the City of Shreveport prohibiting the keeping of a blind tiger, and he appeals. Affirmed.

Charles F. Crane, of Shreveport, for appellant. George G. Dimick, Asst. City Atty., of Shreveport, for appellee.

O'NIELL, J. The defendant was convicted of violating an ordinance of the city of Shreveport prohibiting the keeping of a blind tiger, defined by the ordinance as a place where spirituous, malt, or intoxicating liquors are kept for sale, barter, or exchange or habitual giving away in that city, where the sale of spirituous malt, or intoxicating liquors is prohibited. He was sentenced to pay a fine of $100, or, in default thereof, to be imprisoned 100 days. On appeal he urges à number of bills of exception taken to the overruling of his motion to quash the affidavit and his motion for a new trial and motion in arrest of judgment.

[1] The defendant's first contention is that the city of Shreveport had no authority under its charter to adopt the ordinance making it unlawful to operate a blind tiger in that city. It has been decided by this court that the city of Shreveport had authority, under the general welfare clause in its charter and under its general police power, to adopt the ordinance suppressing blind tigers as a public nuisance. See City of Shreveport v. Maroun, 134 La. 490, 64 South. 388; City of Shreveport v. Knowles, 136 La. 770,

67 South. 824; City of Shreveport v. Nejin (No. 22213) 73 South. 313, ante, p. 509; and City of Shreveport v. Emile (No. 22211) 73 South. 320, ante, p. 510.

The defendant contends that the Ordinance No. 39 of the city of Shreveport, attempting to suppress blind tigers as a nuisance, is based upon Act No. 8, Ex. Sess. 1915, and that that statute is unconstitutional, null, and void, for the following reasons, viz.:

(1) That it violates article 31 of the Constitution, in that it has two objects, the one being to define and suppress blind tigers, and the other being to provide for the search of a place suspected of being a blind tiger and for the seizure of any intoxicating liquors found therein.

(2) That the statute violates article 7 of the Constitution of this state and the Fourth Amendment of the Constitution of the United States, by permitting an unreasonable search and seizure and the issuance of a warrant without requiring a particular description of the place to be searched or of the persons or things to be seized.

(3) That the statute violates the second article of the Constitution of this state and the Fourteenth Amendment to the Constitution of the United States, in that it authorizes the taking and destroying of private property without due process of law.

(4) That the statute violates the Fourteenth Amendment of the Constitution of the United States, because it discriminates against persons in dry territory and in favor of those in wet territory, and because it discriminates against retail dealers and in favor of wholesale dealers.

(5) That the statute is a local or special law and was enacted without previous publication of the notice of the intention of the Legislature to enact a local or special law, required by article 50 of the Constitution of this state.

(6) That the statute violates article 48 of

the Constitution of this state, in that it is a special law concerning criminal actions.

(7) That the statute violates article 49 of the Constitution of this state, in that it was an attempt on the part of the General Assembly to enact a special or local law indirectly by the partial repeal of the general law referring to grog shops or tippling shops, by making the latter applicable only to certain parts of the state.

[2] Our opinion is that the constitutionality or validity of the ordinance of the city of Shreveport defining and suppressing blind tigers does not depend upon the constitutionality or validity of the act of the Legislature (Act No. 8, Ex. Sess. 1915) on that subject. We are also of the opinion that there is no merit in the contention that Act No. 8, Ex. Sess. 1915, is unconstitutional or invalid.

The title of Act No. 8, Ex. Sess. 1915, expresses the purpose of the statute to be to amend and re-enact Act No. 146 of 1914, entitled:

"An act to define and prohibit the keeping of a 'blind tiger'; to provide for the * * * seizure, and destruction of any spirituous, malt or intoxicating liquor found therein; to provide for the punishment of any violations of this act."

The text of Act No. 8, Ex. Sess. 1915, is in the form of a new and original statute on the subject of blind tigers, and does not expressly amend or re-enact or refer to Act No. 146 of 1914. But it has been twice held by this court that such a statute is valid as original and independent legislation, notwithstanding its title declares that it is an act to amend and re-enact a prior statute that is not referred to in its text. See Roth et al. v. Town of Thibodaux et al., 137 La. 210, 68 South. 412, citing Murphy et al. v. Police Jury of St. Mary Parish, 118 La. 401, 42 South. 979.

[3] In State v. Doremus, 137 La. 266, 68 South. 605, it was decided that Act No. 146 of 1914, having the same title and general purpose and object as Act No. 8, Ex. Sess.

1915, did not violate article 31 of the Constitution. It was said that the constitutional requirement that a statute shall have only one object does not mean that each and every means necessary to accomplish the object of the law must be provided for by a separate act relating to it alone, and that a statute that deals with several branches of one subject does not thereby violate the constitutional requirement that the act shall have only one object.

[4] Referring to the contention that the statute in question violates article 7 of the Constitution of this state and the Fourth Amendment to the Constitution of the United States, we observe that the constitutional provisions referred to are identical. As to the Fourth Amendment of the Constitution of the United States, it is sufficient to say that it does not apply to state statutes. As to article 7 of the Constitution of this state, it has been decided by this court that Act No. 146 of 1914, having the same title and general purpose and object as the statute under consideration, did not violate the constitutional guaranty against unreasonable search and seizure and the issuance of a warrant without probable cause supported by oath or affirmation. See State v. Doremus, 137 La. 270, 68 South. 608, citing Boston Beer Co. v. Massachusetts, 97 U. S. 25, 24 L. Ed. 989; Boyd v. United States, 116 U. S. 641, 6 Sup. Ct. 524, 29 L. Ed. 746; and Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385.

The contention that the statute in question authorizes the taking and destroying of property without due process of law is unfounded, because, although the title of the statute refers to the destruction of any intoxicating liquor found in a blind tiger, the statute does not so provide. In State v. Doremus, supra, it was said that that part of the title of Act No. 146 of 1914 was surplusage.

[5] The discrimination in the statute in

question, against persons in dry territory, and in favor of those in wet territory, and against retail liquor dealers and in favor of wholesale dealers, is not an arbitrary or unreasonable discrimination or classification. The Fourteenth Amendment was not intended to hamper, or to authorize the courts to interfere with, the state's exercise of its police power to regulate and promote the morals, health, and safety of her citizens. See State v. Legendre, 138 La. 158, 70 South. 70, L. R. A. 1916B, 1270, citing Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. 357, 28 L. Ed. 923. The argument that a law against the operation of blind tigers is an arbitrary discrimination between those who desire to sell intoxicating liquor where it is prohibited and those who desire to sell it where it is not prohibited, or that it is an arbitrary classification of retail liquor dealers and wholesale liquor dealers, is hardly worthy of consideration.

[6] The contention that the statute in question was not enacted pursuant to the requirements of article 50 of the Constitution for the enactment of a special or local law, and that the act violates articles 48 and 49 of the Constitution, with regard to local or special laws, is entirely without merit, because the statute in question is not a special or a local law. A criminal statute, general in its terms, applying alike to all persons who may come within its provisions, is not a local or special law within the meaning of articles 48, 49, and 50 of the Constitution, even though the conditions under which such a statute can operate prevail only in certain parts of the state. See State v. Hincy, 130 La. 620, 58 South. 411, and State v. Donato, 127 La. 393, 53 South. 662. Under that doctrine it was held in the case last cited that Act No. 66 of 1902, relating to the sale of intoxicating liquor in prohibition territory, and Act No. 176 of 1908, known as the Gay-Shattuck Law, regulating the sale of intoxi-

cating liquor where its sale is permitted, are not local laws, within the meaning of articles 48, 49, and 50 of the Constitution. See, also, State v. Dalon, 35 La. Ann. 1142, quoting with approval Kerrigan v. Force, 9 Hun (N. Y.) 185, to the effect that local laws are those that are confined to the persons and property of a designated locality. Act No. 8, Ex. Sess. 1915, applies, not to any particular locality, but to any locality that may come within its general provisions.

Our conclusion is that the statute in question is not violative of any of the constitutional provisions invoked by the defendant.

[7] The defendant also reserved several bills of exception to rulings of the trial judge, that do not refer to the constitutionality or legality of the municipal ordinance imposing the penalty of fine or imprisonment. As the fine imposed on the defendant in this case does not exceed $300, and the imprisonment does not exceed six months, we have no jurisdiction even of the questions of law presented, except as to the constitutionality or legality of the penalty of fine or imprisonment imposed by the municipal ordinance. And it is well settled that the jurisdiction of this court extending to cases merely because the constitutionality or legality of a penalty imposed by a municipal corporation is in contestation extends only to questions of constitutionality or legality of the ordinance imposing the penalty, and not to questions of legality of the proceedings had in the prosecution. See Mayor of the Town of Homer v. Brown, 117 La. 425, 41 South. 711, citing Third Municipality v. Blanc, 1 La. Ann. 385; State v. Fourcade, 45 La. Ann. 722, 13 South. 187, 40 Am. St. Rep. 249; Town of Ruston v. Fountain, 118 La. 53, 42 South. 644; and Town of Hammond v. Badeau, 137 La. 828, 69 South. 202.

The judgment appealed from is affirmed.

MONROE, C. J., dissenting.