THE COUNTY OF WILL, Plaintiff-Appellant, v. THE VILLAGE OF ROCKDALE, Defendant-Appellee.

Third District   No. 3—91—0433

Opinion filed March 20, 1992.

Edward A. Burmila, Jr., State's Attorney, of Joliet (Robert M. Hansen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

James E. Babcock, of Wright & Babcock, Ltd., of Joliet (William G. Troka, of counsel), for appellee.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, County of Will (the County), brought this action against the defendant, Village of Rockdale (the Village), seeking a declaratory judgment that the county treasurer was not required by law to bill and collect the Village's special service area tax. The special tax was based upon the amount of front footage of property in a special service area pursuant to section 10 of "An Act to provide the manner of levying or imposing taxes for the provision of special services within the boundaries of *** municipalities and counties" (Ill. Rev. Stat. 1989, ch. 120, par. 1301 *et seq.*) (hereinafter the Special Services Area Tax Act). The trial court ruled that the county clerk has the responsibility of extending the tax and the county treasurer

has the duty to bill and collect it. The County appeals from that decision.

The record shows that the Village passed three ordinances providing for: (1) a special service area for the construction of water mains and incidental improvements; (2) the borrowing of money to finance the project; (3) a tax levy and the issuance of bonds; and (4) a special tax roll of real property owners in the service area. The special tax was not based on assessed values of the real property. Rather, it was based on the percentage of front footage of each parcel to the total front footage of the streets in the special service area. Since the tax provided a rational relationship between the amount of the tax levied against each parcel and the special service benefit rendered, it was proper under section 10 of the Special Services Area Tax Act. Ill. Rev. Stat. 1989, ch. 120, par. 1310.

Thereafter, the county clerk extended the taxes, but the Village refused to bill and collect them. The County subsequently filed a complaint seeking a declaratory judgment that the county treasurer was not required by law to bill and collect the taxes.

At a hearing on the County's complaint, Deputy County Clerk Tim Reading testified that the county clerk extended the special service area tax at issue here. Reading stated that a problem was created in this case because the tax levy was based upon front footage and the county's property tax billing system was based solely on assessed values of property. He further stated that this was the first time that a special service area tax was calculated on a basis other than assessed value.

Reading noted that special assessment taxes under the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 1—1—1 et seq.) are billed and collected by the municipality, whereas special service area taxes based on assessed value are billed and collected by the county treasurer. He further noted that when special assessment taxes or special service area taxes by assessed value are delinquent, the county treasurer proceeds with the sale of the delinquent property.

County Treasurer Jack Weber testified that his office's computer program was not set up to handle billing based on front footage, his office had never billed for a special service area based on front footage, and to do so would require a separate tax bill. He noted, however, that the County would not be required to set up a separate tax system for delinquent tax sales. Weber further testified that the County contained a total of 191 taxing districts.

George Dolak, a data processor for the County, testified that it would take 120 hours to create a new billing program based on front

footage. He later clarified that in this case it would only take a few hours to type the necessary information about the properties into the computer and then print out a bill. Dolak also stated that the collecting aspect would be the most difficult.

The sole issue presented on appeal is whether the county treasurer is required to bill and collect a special service area tax based on front footage.

Section 10 of the Special Services Area Tax Act provides in part:

> "If a property tax is levied the tax shall be extended by the county clerk in the special service area in the manner provided by the Revenue Act of 1939 based on assessed values as established pursuant to the Revenue Act of 1939. ***
>
> In lieu of or in addition to such property tax, a special tax may be levied and extended within the special service area on such other basis as provides a rational relationship between the amount of such tax levied against each lot, block, tract and parcel of land in the special service area and the special service benefit rendered; a special tax roll shall be prepared ***. Said special tax roll shall be included in the ordinance establishing the special service area *** and shall be filed with the county clerk for use in extending the tax. The lien and foreclosure remedies provided in Article 9 of the Illinois Municipal Code, as amended, shall apply upon non-payment of such special tax."

Ill. Rev. Stat. 1989, ch. 120, par. 1310.

In construing the above-quoted statute, we note that taxing statutes are to be strictly construed, and the language is not to be extended or enlarged by implication beyond its clear import. (*First National Bank v. Department of Revenue* (1981), 85 Ill. 2d 84, 421 N.E.2d 175.) Furthermore, statutes *in pari materia* should be construed together so that they may be given harmonious effect. (*Board of Commissioners of the Wood Dale Public Library District v. County of Du Page* (1983), 119 Ill. App. 3d 1085, 457 N.E.2d 1291.) This is especially true where one act makes a cross-reference to another act. *Airey v. Department of Revenue* (1987), 116 Ill. 2d 528, 508 N.E.2d 1058.

In the instant case, the language of section 10 of the Act does not provide that the county treasurer collect a special service area tax which is calculated on a basis other than assessed value. The first paragraph of section 10 describes a "property" tax based on assessed value in accordance with the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 482 *et seq.*). However, the second paragraph of that same section describes "a special tax" which is "[i]n lieu of or in

addition to such property tax." The second paragraph does not mention the Revenue Act. Instead, it specifically refers to the applicability of the lien and foreclosure remedies of article 9 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 9—1—1 *et seq.*).

Since section 10 makes a cross-reference to the Illinois Municipal Code, we will construe the statutes together so as to give them harmonious effect. In so doing, we find that a special service area tax based on front footage more closely resembles a special tax or a special assessment under the Illinois Municipal Code. (See Ill. Rev. Stat. 1989, ch. 24, pars. 9—2—41, 9—2—42.) Such taxes under the Code are the responsibility of the municipality to bill and collect. Accordingly, we find that absent a clear mandate from the legislature, the County should not be burdened with billing and collecting this special service area tax based on front footage.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed.

Reversed.

GORMAN and McCUSKEY, JJ., concur.