THE CITY OF PEORIA, Plaintiff-Appellant, v. JOANNE OHL, Defendant-Appellee.

Third District   No. 3—93—0732

Opinion filed June 8, 1994.

Clifton J. Mitchell, of Peoria, for appellant.

Joanne Ohl, of Peoria, appellee *pro se.*

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, the City of Peoria, filed a complaint alleging that the defendant, Joanne Ohl, violated section 5—4 of the Peoria City Code (the Code), which prohibited farm animals. (Peoria, Ill., City Code § 5—4 (1993).) The circuit court subsequently entered summary judgment in favor of Ohl, finding that her Vietnamese pot-bellied pig was "a pet and not a farm animal as defined by the City Code." The City appeals. We affirm.

The facts of this case are undisputed. Section 5—4 of the Code prohibits farm animals in areas zoned as R-4 single-family residence districts. Ohl lives in an R-4 zoned district and has a pet pot-bellied pig. At issue is whether her pet is included in section 5—4's prohibition against farm animals.

Section 5—4 of the Code provides:

"Except as provided in Appendix B of the city Code and section 5—5 of this chapter, all farm animals, including, but not limited to, members of the swine, ovine, bovine, caprine or equine families, poultry and rabbits, shall be prohibited." Peoria, Ill., City Code § 5—4 (1993).

Read by itself, section 5—4 is an ambiguous and open-ended prohibition against animals. First, the section is ambiguous because it does not clearly state whether *all* animals in the enumerated families are prohibited, or whether only *farm* animals belonging to those families are restricted. Second, the section is overbroad. Read literally, the section might prohibit any animal which could be found on a farm, including such common household pets as dogs and cats. However, when section 5—4 is read in context with other portions of the Code, it becomes clear that such an ambiguous and overbroad prohibition was not intended. See *County of Will v. Village of Rockdale* (1992), 226 Ill. App. 3d 634, 589 N.E.2d 1017 (holding that statutes which relate to the same subject matter should be construed together, especially where one statute makes a cross-reference to the other).

The City concedes that appendix B of the Code allows farming and farm animals in A1 agricultural districts. (Peoria, Ill., City Code Appendix B, § 7.2 (1993).) Thus, it is apparent that section 5—4 was

not enacted because "farm animals" are *per se* objectionable. Rather, it appears that section 5—4 was intended to promote the general welfare through efficient land use by preventing residentially zoned land from being used for farming or ranching. This intent to exclude farming from residentially zoned areas is reevidenced later in appendix B where private, noncommercial gardens are listed as a permissible use for land in R-4 residential districts, while farming is not listed. Peoria, Ill., City Code Appendix B, § 7.7.b (1993).

Moreover, a close reading of the language used in section 5—4 itself reveals that its purpose is to prevent residentially zoned land from being used for farming. Specifically, we note that section 5—4 prohibits "poultry," which the Code defines as "domesticated birds raised for show, eggs or meat." (Peoria, Ill., City Code § 4—1 (1993).) Thus, as the City acknowledges, domesticated birds kept for a purpose other than for show, eggs or meat are permitted. The logical implication is that section 5—4 does not seek to prohibit the animals themselves, but only use of the animal for farming purposes in residentially zoned areas.

Based upon our reading of the Code as a whole, we conclude that section 5—4 does not prohibit *all* animals which might be found on a farm. Nor does it prohibit *all* members of the animal families listed. Instead, we conclude that section 5—4 prohibits only animals kept for farming purposes. Accordingly, we find that it does not prohibit pets.

In the instant case, the City failed to allege Ohl was keeping the animal in question for any purposes other than as a pet. Had the City made such an allegation, the trial court would have had to have made a factual determination of whether the animal was being kept as a pet or for agrarian purposes. However, since no such allegation was made, there was no question of material fact and the trial court properly granted summary judgment in favor of the defendant. See *Alcorn v. Stepzinski* (1989), 185 Ill. App. 3d 1, 540 N.E.2d 823 (holding that summary judgment is proper where there is no genuine issue of material fact).

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY and STOUDER, JJ., concur.