## THE CHARITY HOSPITAL OF NEW ORLEANS *v.* STICKNEY.

The stat. of 12 March, 1838, s. 4, making it the duty of the mayor of the city of New Orleans, before authorising exhibitions in any theatre in that city, to require from the manager the production annually of a receipt from the treasurer of the Charity Hospital, show-

ing the payment by the manager of the sum of five hundred dollars for the use of the Hos-    <span style="float:right">CHARITY</span>
pital, is not unconstitutional. The exaction of a price for the license so granted, is not, in   HOSPITAL
its proper legal sense, a tax.     *v.*
STICKNEY.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J. J.*, and *H. H. Strawbridge*, for the appellants. *C. K. Johnson*, for the defendant, contended that the statute under which plaintiffs claim was repealed by the constitution of 1845, arts. 109,—127. The judgment of the court was pronounced by

EUSTIS, C. J. The petition charges that, by an' act of the legislature, approved March 12th, 1838, an annual tax of $500 is imposed on every theatre and manager thereof, payable to the treasurer of the Charity Hospital; that the defendant, as manager of the American Theatre, in Poydras street, is liable to pay said tax, for the year 1846. An exception was filed by the defendant that the act of the legislature, under which this suit is brought, is contrary to the constitution of the State, adopted in 1845. The district judge was of that opinion, sustained the exception, and gave judgment accordingly, from which the plaintiffs have appealed.

By a statute of 7th March, 1814, s. 9, persons having the administration of theatres open to the public of New Orleans, were bound to give four representations per annum for the benefit of the Charity Hospital, under the direction of its administrators, who were, through persons appointed by them, to receive the proceeds of said representations. The section containing this provision was subsequently repealed by the act of March, 1838, which provided that, instead of exacting from the managers of theatres four representations annually, $500 be exacted from each; from every circus $150, and from every menagerie $50; and it was made the duty of the mayor of New Orleans, in authorising any of these exhibitions, to require the receipt of the payment of said sums from the treasurer of said hospital.

The case having been presented to us on the validity of these acts, we overlook the misnomer given to the exaction in the plaintiffs petition. By a statute of the 18th March, 1816, the municipal authority has the power to permit or forbid theatres, balls, and other amusements, and to cause play-houses, and other places for shows and exhibitions, to be closed, whenever the preservation of public order require it. This power is believed to be vested in the government in all countries, and is, throughout the Union, exercised both as to the permission and superintendence of theatrical representations open to the public, which are only exhibited under license.

The law requires that the license shall not be granted except on the condition of a certain contribution to a public institution, which it is necessary for the public weal to maintain. In this we can perceive no violation of any vested right, nor of any provision of the constitution. The views which we have taken of the intendment of the article of the constitution concerning taxation, and the recognition of the rights and privileges of the city of New Orleans by another article of that instrument, expressed in the cases of *The Second Municipality* v. *Duncan, ante* p. 182, and *Egerton* v. *The Third Municipality*, 1 Ann. R. 435, were adopted after mature consideration of the subject. We do not think that the price of the license for theatres, is, in its proper legal sense, a tax. *Vide* 11 Johnson's R. 80.

The judgment of the District Court is therefore reversed, and the case remanded for further proceedings; the defendant paying the costs of this appeal.