WALKER
*v.*
CALDWELL.

| 4 | 13 |
|---|---|
| 47 | 277 |

| 4 | 13 |
|---|---|
| 108 | 689 |

## PENN *v.* THE FIRST MUNICIPALITY.

An appeal taken from a decision of a justice of the peace will be dismissed, where it is impossible to examine the question as to the legality of a city ordinance imposing a penalty, without exceeding the jurisdiction of the court by deciding other matters presented in the case, of which it has do jurisdiction. The jurisdiction of the Supreme Court on appeals, involving the constitutionality or legality of fines, forfeitures and penalties, under $300 in amount, imposed by municipal corporations. is confined to the questions of the constitutionality or legality of such fines, forfeitures and penalties. Const. art. 63.

APPEAL from a decision of a Justice of the Peace in New Orleans. *Beauregard*, for the plaintiff. *Preaux* and *Morel*, for the appellants. The judgment of the court (*King*, J. absent,) was pronounced by

EUSTIS, C. J. This is an appeal from a judgment rendered by the Fifth Justice of the Peace for the parish of Orleans, in a suit in which the plaintiff seeks to recover the sum of $10, the amount of a fine imposed on her by a judgment of the recorder of the first municipality for a violation of a certain ordinance of said municipality, which fine was paid by her in order to avoid imprisonment in the work-house, according to the judgment of the said recorder.

The justice of the peace gave judgment against the municipality for the amount of the fine and costs, on the ground that the proceedings before the recorder were *coram non judice*, he being entirely without jurisdiction of the suit which forms the basis of the plaintiff's demand; and decided that the money, being illegally obtained, must be restored to the plaintiff, with costs. The municipality has appealed, and the argument addressed by counsel to the court relates to the legality of the ordinance under which the fine was imposed. The justice who decided the case did not decide this point, but confined himself exclusively to the jurisdiction of the recorder; and it is obvious that there are other matters of a grave character involved in this suit, some of which have been noticed by counsel, besides that which involves the legality of the ordinance. It follows, therefore, that there are other points which this court are called upon to decide, over which it has no jurisdiction, in order to reach the matter of which it has jurisdiction.

This case presents the same difficulties as that of *The Third Municipality*

PENN
v.
FIRST MUNICI-
PALITY.

v. *Blanc.* 1 Annual Rep. 385. We there held, that the 63d article of the constitution gave this court jurisdiction in all cases where the constitutionality or legality of any fine, forfeiture, or penalty imposed by a municipal corporation was involved; but that our power was confined to an examination of those questions, and that this clause gave us no jurisdiction over matters to which it did not extend by virtue of the said 63d article.

The legality of municipal ordinances can be brought before this court by direct appeal, and the court having no jurisdiction over the amount in dispute between those parties, and it not being possible to examine the question of the legality of this ordinance without exceeding our jurisdiction in passing on other matters presented in this case, we consider that no appeal lies to this court from the judgment against the defendants.          *Appeal dismissed.*