(41 South. 227.)

No. 16,004.

STATE v. ORFILA.

In re FITZPATRICK, Tax Collector.

(May 7, 1906.)

1. COURTS—APPELLATE JURISDICTION — CONSTRUCTION OF REVENUE STATUTE.

Where the amount of a license tax depends on the construction to be placed on the revenue statute, the legality of the tax is in contestation, and an appeal lies from the court of the first instance directly to the Supreme Court.

2. LICENSES—TICKET AGENTS.

An agent for several nonresident steamship companies, whose business is to sell transportation, receive the price, and give orders for tickets to be delivered in the city of New York, is liable to a license tax under the provisions of section 12, Act No. 171, p. 412, of 1898, relative to persons carrying on the business of selling or dealing in railroad or steamship tickets.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Orleans.

Action by the state against F. J. Orfila. Judgment for the state for a less amount than sought, and the state appealed to the Court of Appeal. John Fitzpatrick, tax collector, applied for certiorari or writ of review. Modified and affirmed.

Edward Rightor, for applicant, John Dymond, Jr., for respondent.

LAND, J. The state sued defendant in the First city court of the city of New Orleans for $50 alleged to be due for license tax as steamship agent representing three or more companies.

There was judgment in favor of the state for $25, and thereupon the state appealed to the Court of Appeal for the parish of Orleans.

The case was heard in that court, which, finding that there was no dispute about the facts and that the only question involved was the legality of the tax demanded, of which it had no jurisdiction, ordered the appeal to be transferred to the Supreme Court.

as provided by Act No. 56, p. 135, of 1904. This ruling was correct. State v. Rosenstream, Weiss & Co., 52 La. Ann. 2126, 28 South. 294.

Section 12 of Act No. 171, p. 412, of 1898, reads, in part, as follows:

"Each person carrying on the business or calling of selling or dealing in railroad or steamship tickets, whether said tickets are sold in the streets, in the office of the company he represents, or that of any other company, shall pay an annual license graded upon the number of companies he represents, to wit: One company, twenty-five dollars; two companies, forty dollars; three or more companies, fifty dollars."

Defendant made the following statement, under oath, in open court:

"I am a steamship passenger agent and represent one company, the Campagnie General Transatlantique, for whom I solicit business, receive the money, and issue official tickets. I also solicit business for seven other companies, receive the money, and issue an order on the New York office of such company, where the passenger must call and exchange my order for his ticket. In the case of the Campagnie General Transatlantique, I am the exclusive agent. In the case of other companies mentioned I solicit business together with the other agents on the city. I get a commission of 5 per cent. on this business; on the Campagnie General, 7½ per cent. I tendered the sum of $25 to the state tax collector, and he refused to accept it."

Defendant was certainly engaged in selling or dealing in steamship tickets for eight different companies. In so doing he represented each one of them. In one case he sold and delivered tickets in the city of New Orleans. In the other he sold tickets in the city of New Orleans to be delivered in the city of New York. The only difference was in the mode of transacting the business.

Counsel for the defendant argue that he did not represent the New York companies in the sense of the statute, which does not contemplate the taxing of agents engaged in selling tickets to be delivered out of the state. The license tax is on the business or calling of selling or dealing in railroad or steamship tickets, and is graded by the number of companies represented by the person

pursuing such a vocation. The words of the statute are general, and there is no warrant for excepting persons selling or dealing in tickets to be delivered out of the state.

The tax is on the occupation, and not on the tickets sold.

There is no essential distinction between delivering an order for a ticket and delivering the ticket itself, as far as the nature of the business is concerned.

There is no good reason for taxing one person who sells transportation and delivers tickets, and exempting another who sells transportation and delivers orders for tickets. Both pursue the same gainful occupation, and both should contribute to the support of the government whose protection they enjoy.

Discrimination in such cases would be odious, and the presumption is against the legislative intent to sanction such a result.

It is therefore ordered, adjudged, and decreed that the judgment of the city court herein be amended by increasing the amount from $25 to $50, with 2 per cent. per month interest thereon from March 1, 1901, until paid, and 10 per cent. attorney fees on the aggregate amount of the license and penalties collected; defendant to pay costs in the city court and this court, but not the costs occasioned by the improper appeal to the Court of Appeal and the transfer of the same to this court.