(42 South. 726.)

No. 16,349.

STATE v. WENAR.

(Nov. 12, 1906.)

COURTS—SUPREME COURT—JURISDICTION.

In a suit for a license, where the defense is that the statute levying the license does not apply to defendant's business, the legality of a tax is involved, and the Supreme Court has jurisdiction, irrespective of amount.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 616.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by the state against Charles Wenar. Judgment for defendant, and the state appeals. Motion to dismiss overruled.

Gilbert Louis Dupré, Jr., and Edward Rightor, for the State. Charles Rosen, for appellee.

On Motion to Dismiss.

PROVOSTY, J. In this suit a state license is claimed of the defendant as contractor. The amount claimed is $150 per year for five years, and hence this court has no jurisdiction of the case, unless the constitutionality or legality of the license is involved. Defendant and appellee says it is not, and moves to dismiss the appeal.

There is no dispute as to the character and amount of defendant's business; but the defenses are that to such a business the statute levying the license claimed does not apply, and that, if it does, the state, nevertheless, cannot now claim the license, because it is estopped from so doing, it having already in each of the years named demanded, and received a license from defendant. Defendant also pleads prescription.

The defenses of estoppel and prescription do not involve the constitutionality or legality of the license; but the other defense does, viz., that the statute levying the license has no application to defendant's business.

In the case of Roy v. Schuff, 51 La. Ann. 86, 24 South. 788, a person peddling his own truck contended that the law levying a license on peddlers was inapplicable to his business. In State v. Rosenstream, 52 La. Ann. 2126, 28 South. 294, a license as retail dealer was claimed of defendant, who had paid a license as wholesale dealer, and he contended that under a proper construction of the statute he did not owe the license. In State v. Orfila, 116 La. 972, 41 South. 227, an agent representing several companies claimed that under a propper construction of the statute he owed only one license and not one license for each company he represented. In all these cases, as in the instant case, the facts were not disputed, and the question, as in this case, was as to whether, applying the statute to them, the license was due; and the court held that the legality of the tax was involved, and the case appealable to the Supreme Court.

The motion to dismiss is therefore overruled.

NOTE.—The appeal in this case was subsequently discontinued by consent.