————o————

## No. 3928.

### (Court of Appeal, Parish of Orleans.)

### SUCCESSION OF J. J. BROWN.

The interpretation and construction of a tax law, with reference to whether or not the tax claimed under it is due, necessarily brings in question the legality of the tax; hence an appeal in a cause of this character is to the Supreme Court only.

Appeal from the Civil District Court, Division "D."

Chas. I. Denechaud, for Defendant and Appellant.

M. M. Boatner, for Plaintiff and Appellee.

MOORE, J. Joseph J. Brown died intestate, leaving as his legal heirs his father and mother and a brother and a sister. The succession was opened by the application of these parties to be recognized as his heirs and as such to be placed in possession of his estate.

His estate consisted solely of a policy of insurance on the deceased payable "to him, his executor or administrator" for the sum of two thousand dollars. The collector of inheritance taxes claims tax on the shares coming to the brother and sister and they resist the claim on the ground that share of the insurance policy coming to them respectively, does not come to them by way of "inheritance," and is therefore not subject to the tax on inheritances under Arts. 235 and 236 of the Constitution and Act No. 109 of the Acts of 1906.

The issue thus presented involves decision as to the legality of the inheritance tax herein claimed, hence, under the Constitution, the Supreme Court and not this Court has appellate jurisdiction in such cases. In State vs. Rosenstreen Weiss & Co. 52 A. 2126, the Court said: "The legality of a tax is brought in question when the contention is that there is no law to authorize its imposition. Its illegality is determined when it is held there is no law for its imposition, or that it is imposed in violation of law. The interpretation and construction of a tax law, with refernce to whether or not the tax claimed under it is due, necessarily brings in question the legality of the tax." To the same effect is State vs. Orfila 41 So. Rep. 227.

It is therefore ordered, adjudged and decreed that this appeal be transferred to the Supreme Court of the State of Louisiana upon the appellant or his attorney of record making out and filing with the Clerk of this Court on or before the 22nd day of March, 1907, his affidavit that the appeal herein was not taken for purposes of delay and further, upon the said appellant lodging with the Clerk of the Supreme Court of this State on or before the 1st day of April, 1907, a full and complete transcript of this case made and certified to in the manner and form required by the rules of the Supreme Court for transcripts taken directly to that Court, together with a certified copy of this opinion and decree and the affidavit herein referred to, all costs incurred in this Court to be taxed against the appellant.

March 11, 1907.

Rehearing refused March 25, 1907.