OVERTON, J.
The state tax collector filed a rule against defendants to recover from them, as wholesale dealers, $150, with interest and attorney’s fees, alleged to be due for licenses for the years 1919, 1920, and 1921, and to enjoin them from further conducting their business as wholesalers until the payment of the licenses.
Defendants plead that they are not wholesale dealers in merchandise. They also aver that their gross receipts do not amount to more than $15,000 per annum.
On the first trial, in the court below, defendants were cast. They, however, in a motion for a new trial, suggested that since the trial they had discovered that they had paid their licenses to .the. state, and asked for as new trial so that they might prove the payment. The new trial was granted. On the-second trial defendants were successful, and' consequently the plaintiff has appealed.
[1] The defendants now move to dismiss the appeal on the ground that this court is-without jurisdiction.
It is clear that the amount involved does: not exceed $2,000, exclusive of interest. It is also clear that the case does not .present an Issue involving the constitutionality or-legality of a license tax, but, at best, involves only the issue whether defendants-were wholesalers for the years mentioned, and, if so, whether they have paid their licenses for those years.
Although one of the questions, if still an issue, which plaintiff contends it is, involves an interpretation of the license law of the state, to determine whether the defendants were wholesalers, yet this does not give this court jurisdiction, for it does not put at issue the constitutionality of the license tax levied by the state, but simply raises the question whether defendants were, for the years named, wholesalers, and whether as-such, under a valid law, they are liable for the licenses exacted by the tax collector.
Therefore, as the amount involved is below our minimum jurisdiction, and as the-constitutionality or legality of the license levied by the state against wholesale dealers is not involved, this court is without jurisdiction of the appeal. Constitution of 1921,. art. 7, § 10.
[2] The appeal, however, should not be dismissed, but should be transferred to the Court of Appeal.
For the reasons assigned, it is ordered that this appeal be transferred to the Court of Appeal for the parish of Orleans, to be there disposed of according to law.