(96 South. 111)

No. 25282.

**STATE v. GALLAGHER TRANSFER & STORAGE CO., Inc.**

(Feb. 26, 1923. Rehearing Denied April 2, 1923.)

*(Syllabus by Editorial Staff.)*

**Courts** ⬅➡224(7)—**Question of applicability of law or ordinance levying tax does not give Supreme Court jurisdiction.**

Under Const. 1921, art. 7, § 10, par. 5, Supreme Court has jurisdiction, regardless of amount involved, only when constitutionality or legality of law or ordinance under which tax was levied is involved, and not when question is whether it applies to particular case.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by the State against the Gallagher Transfer & Storage Company, Inc. From a judgment against defendant, it appeals. Appeal transferred conditionally to Court of Appeal.

J. F. Pierson and C. I. Denechaud, both of New Orleans, for appellant.

C. C. Friedrichs, of New Orleans (Azzo J. Plough and Henry G. McCall, both of New Orleans, of counsel), for the State.

ST. PAUL, J. The defendant was sued for certain additional licenses for the years 1919–1921, it being alleged that defendant was engaged for those years in the business of drayage and did not pay sufficient license.

The defenses set up are that the state was estopped from claiming any additional license by reason of its officers having received without complaint the amount paid; that the license law (section 14 of Act 171 of 1898) levies no license upon the business of drayage; that at any rate said license law levies no license for said business upon corporations, but, if at all, only upon individuals and companies.

From a judgment against it, defendant appeals to this court, and the appellee suggests that this court is without jurisdiction; the amount involved being less than $2,000.

I.

The Constitution of 1921 (article 7, § 10, par. 5) provides that this court shall have appellate jurisdiction—

"in all cases wherein the constitutionality of any tax levied by the state, or by any parish, municipality, board, or subdivision of the state is contested, or where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the state shall be in contest, whatever may be the amount thereof. * * *"

In State v. Wenar, 118 La. 142, 42 South. 726, it was held that:

"In a suit for a license, where the defense is that the statute levying the license does not apply to defendant's business, the legality of the tax is involved, and the Supreme Court has jurisdiction, irrespective of amount" involved—citing Roy v. Schuff, 51 La. Ann. 86, 24 South. 788; State v. Rosenstream, 52 La. Ann. 2126, 28 South. 294; and State v. Orfila, 116 La. 972, 41 South. 227.

But in State v. Foto, 134 La. 154, 63 South. 859, it was held that this court had jurisdiction of a case involving a state license less than $2,000 only where it is claimed that the law under which it is sought to collect the license is unconstitutional.

And in State v. Serio & Messina, 149 La. 1006, 90 South. 385, it was held that, although the case involved the interpretation of the license law to determine whether defendant was liable for the license, nevertheless that did not involve the constitutionality or legality of the law under which the license was levied, and hence this court was without jurisdiction.

II.

We have concluded to overrule the former line of decisions and adhere to the latter. It will be observed that the constitutional grant of jurisdiction to this court as to the legality or constitutionality of any tax is precisely the same as where the legality or constitu-

tionality of any fine imposed by a municipal corporation is involved; and this court has invariably held that in such cases its appellate jurisdiction was confined to an examination into the alleged illegality and unconstitutionality of the ordinance imposing the fine, all other questions being appealable elsewhere if at all. See Shreveport v. Mackie, 140 La. 724, 73 South. 842, and Town of Ruston v. Fountain, 118 La. 55, 42 South. 644, citing State v. Callac, 45 La. Ann. 27, 12 South. 119; State v. Marshall, 47 La. Ann. 646, 17 South. 202; State v. Zurich, 49 La. Ann. 447, 21 South. 977; State v. Hohn, 50 La. Ann. 432, 23 South. 966; State v. Faber, 50 La. Ann. 952, 24 South. 662; Gibbs v. Atkins, 110 La. 197, 34 South. 411.

In State v. Courcier, 46 La. Ann. 910, 15 South. 361, this court, in dismissing the appeal for want of jurisdiction, said:

"As matters stand, the complaint of the defendant is not that the ordinance itself is illegal or unconstitutional, but that the recorder has made the ordinance apply to a case outside the terms thereof, and not covered by it."

In State v. Fourcade, 45 La. Ann. 723, 13 South. 189, 40 Am. St. Rep. 249, this court said:

"The distinction between the illegality of a fine, forfeiture, or penalty imposed by the municipal corporation and the correctness of that imposed by the recorder, and between the illegality of the ordinance and that of proceedings or action taken under it, is plain and broad, and has been repeatedly recognized by us."

### III.

In the case before us the complaint is, not that the statute is unconstitutional, but that the judge has applied it to a case not covered by it.

We are of opinion that the constitutional grant of jurisdiction as to taxes was intended to give the taxpayer the right to test the constitutionality or legality of the law or ordinance under which the tax was levied; but that it was never intended that this court should be charged with interpreting in detail the provisions of every law or ordinance levying a tax regardless of the amount involved. In other words, this court has appellate jurisdiction in all cases, regardless of amount, when the validity of a statute or ordinance imposing a tax is involved, and to the extent only of inquiring into such validity; but it is without such appellate jurisdiction, when the matter involved is only the interpretation of the statute or ordinance and its applicability to particular cases, unless by reason of the amount involved.

### Decree.

It is therefore ordered that this appeal be transferred to the Court of Appeal for the parish of Orleans, provided the transcript be lodged in said court within 15 days after this decree becomes final; otherwise said appeal is to stand dismissed.