O’NIELL, Chief Justice.
 

 The defendant has appealed from a judgment in favor of the tax collector for certain license taxes on business done by the defendant in the years 1931, 1932, and 1933. The tax collector has moved to dismiss the appeal because the amount of the taxes in contest does not exceed $2,000. In fact the amount is much less than $2,000. Hence, if the question of appellate jurisdiction depended upon the amount in contest, the- case would be transferable to the Court of Appeal for the First Circuit. But the Supreme Court has appellate jurisdiction in this case, regardless of the amount in contest, because, according to the fifth paragraph of the tenth section of article 7 of the Constitution, this court has appellate jurisdiction “in all cases wherein the constitutionality or legality of any tax * *
 
 *
 
 levied by the State * * * is contested.” A part of the claim of the tax collector in this case is not contested; but, as far as the claim is contested, the legality of the taxes is the question in contest. The defendant contends that, if any taxes are due for the year 1931 or for the year 1932, the license tax for each year should be calculated not upon the business done in the previous year, as contended by the tax collector, but upon the business done in the year for which the tax is claimed; but the defendant contends primarily that Act No.
 
 205 of
 
 1924, under authority of which the tax collector is claiming the license taxes for 1931 and 1932, was repealed by Act No. 190 of 1932, and hence that the tax collector has no right of action for license taxes for those years. Both of the defendant’s pleas were decided in favor of the tax collector.
 

 It is well settled that this court has appellate jurisdiction over questions of legality, as well as over questions of constitution ality, of any tax claimed by a tax collector as having been levied by the state, or by a municipality, or parish, or other taxing subdivision of the state. And the question of legality of a tax is in contest when a judicial interpretation of the tax statute invoked is necessary to determine whether the tax claimed is due, or when the defendant pleads that there is no statute compelling payment of the tax claimed. State v. Rosenstream,
 
 *713
 
 Weiss & Co., 52 La. Ann. 2126, 28 So. 294; State v. Orfila, 116 La. 972, 41 So. 227; State v. Wenar, 118 La. 141, 42 So. 726; Downs, Tax Collector, v. Dunn, 162 La. 747, 111 So. 82; State v. Cedar Grove Refining Co., 178 La. 810, 152 So. 531.
 

 The motion to dismiss the appeal is overruled.
 

 ST. PAUL, J., absent.