O’NIELL, O. X
 

 (concurring in the decree).
 

 My opinion is that, under the title of Act No. 16 of 1932, amending and re-enacting section 1 of Act No. 6 of 1928 (Ex. Sess.), the Legislature was at liberty to change the definition of “motor fuel,” within reasonable bounds, as we said in State v. Cedar Grove Refining Co., 178 La. 810, 152 So. 531. What we meant by the term “within reasonable bounds” was that the Legislature might put a reasonable limit on the degree of flash point of any “volatile gas-generating liquid” known as “motor fuel” or used as “motor fuel,” to determine whether it should be subject to the tax, but that the Legislature could not, under the guise of a
 
 definition,
 
 convert something into a “motor fuel” which was in fact not a motor fuel. That is explained in the Cedar Grove Case, where it was admitted (page 818 of 178 La., 152 So. 531) that the “tractor distillate” which the defendant sold was “a motor fuel.” It was not “commonly-used” as motor fuel, and hence was not subject to the tax under the act of 1928 before it was amended; but it was admitted that the tractor distillate, which was the subject of discussion, was used for propelling tractors —which are motor vehicles. Hence the tractor distillate was in fact — and was admitted to be — a motor fuel.
 

 
 *682
 
 My opinion is that Act No. 16 of 1932 is constitutional, as far as the title is concerned, but is not applicable to any substance that is not in fact motor fuel.