162 So. 185

**STATE ex rel. GROSJEAN, Supervisor of Public Accounts, v. STANDARD OIL CO. OF LOUISIANA.**

No. 33323.

May 27, 1935.

Gaston L. Porterie, Atty. Gen., and Justin C. Daspit, F. A. Blanche, and E. L. Richardson, Sp. Assts. Atty. Gen., for appellants.

T. M. Milling, F. L. Hargrove, and A. M. Curtis, all of New Orleans, for appellee.

HIGGINS, Justice.

This matter comes before us on a motion to dismiss the appeal on the ground that less than $2,000 is involved, and only a question of fact is presented, and, therefore this court is without jurisdiction.

The state of Louisiana, on the relation of the supervisor of public accounts filed two suits against the Standard Oil Company of Louisiana to recover taxes alleged to be due on kerosene oil, under the provisions of Act No. 228 of 1926, as amended by Act No. 15 of 1932. The first suit is for the sum of $69.83, and the second for $38.68, with interest, penalties, and attorney's fees. The petitions allege that the product produced by the defendant was "named Tractor Fuel, for the pur-

pose of evading the payment of the tax hereinabove referred to, while in truth and fact it is Kerosene within the intendment of Act No. 228 of 1926, as amended by Act No. 15 of 1932."

The defendant denied liability, averring "that the products described in plaintiff's petition are not taxable under the provisions of Act 228 of 1926, as amended by Act 15 of 1932," and, hence, there are no taxes, costs, penalties, or attorney's fees due by respondent to the state of Louisiana. Defendant also pleaded the unconstitutionality of the statute.

The district judge did not pass upon the constitutional question, but held that the product involved in the litigation did not come within the definition of "kerosene" as defined by the statute, as amended.

The plaintiff appealed.

 The fifth paragraph of section 10 of article 7, of the Constitution of 1921, fixing the jurisdiction of the Supreme Court, provides:

"It shall have appellate jurisdiction in all cases *wherein the constitutionality or legality of any tax,* local improvement assessment, toll or impost *levied by the State,* or by any parish, municipality, board, or subdivision of the State *is contested,* or where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof. * * *" (Italics ours.)

In considering this provision of the Constitution, in the case of Downs v. Dunn, 162 La. 747, at page 751, 111 So. 82, 84, we said:

"It is plain, therefore, that this court has jurisdiction, not only over questions of constitutionality, but over all questions of legality, of a license tax levied or claimed as being levied by the state on any specified business, trade, profession, or calling, regardless of the amount of the tax in contest.

" 'Where *judicial interpretation* of a tax statute *is necessary to determine whether or not the tax as demanded is* imposed by law, the question of *legality vel non of the tax is raised, and the appeal taken may be to this court only.'* State v. Rosenstream, Weiss & Co., 52 La. Ann. 2126, 28 So. 294, citing many such decisions; State v. Orfila, 116 La. 972, 41 So. 227; State v. Wenar, 118 La. 141, 42 So. 726." (Italics ours.)

The right to appeal directly to the Supreme Court in matters involving the legality of a tax, irrespective of the amount involved, was discussed in the case of State v. Cedar Grove Refining Co., 178 La. 810, 152 So. 531, 533. In overruling the motion to dismiss the appeal, we said:

"It is well settled that, in a suit to collect a tax, if the defense be such that a *judicial interpretation* of the tax statute is necessary to determine whether the tax demanded is levied upon the defendant,

the legality of the tax is in contest, and *the Supreme Court has* appellate jurisdiction. Downs, Tax Collector, **v.** Dunn, 162 La. 747, 111 So. 82."

In the instant case, the record shows that while there was a question of fact presented with reference to the character or quality of the liquid in question, in order to decide the case, the district judge, in his reasons for judgment was compelled to interpret the provisions of the statute under which the tax is sought to be collected. This case falls within the category of the above rule. A judicial interpretation of the definition of "kerosene" as contained in the above acts being necessary to a final decision in this case, this court has jurisdiction.

For the reasons assigned, the motion to dismiss the appeal is overruled.