For the reasons assigned the judgment appealed from is affirmed.

FOURNET, J., absent.

195 So. 346

**STATE ex rel. COOPER, Collector of Revenue, v. PAPE.**

No. 35591.

March 4, 1940.

Rehearing Denied April 1, 1940.

Lessley P. Gardiner, Atty. Gen., and E. L. Richardson, Justin C. Daspit, and F. A. Blanche, Sp. Asst. Attys. Gen. (R. W. Oglesby, of Winnfield, of counsel), for appellant.

K. Hundley, of Alexandria, for appellee.

FOURNET, Justice.

The State of Louisiana proceeded by rule under the provisions of Act No. 2 of 1938 to recover an amount claimed to be due it as a "Use Tax," together with penalties, interest, and attorney's fees, on the Dodge automobile owned by the defendant, Mrs. Alma H. Pape.

In answer to the rule the defendant did not question the constitutionality of the act but pleaded specially that she is a resident of and domiciled at Fort Worth, Texas, and that her stay in the State of Louisiana was temporary.

The trial judge dismissed the suit and the state has appealed.

Act No. 2 of 1938 is generally known as the "Public Welfare Revenue Act," and under Section 3 thereof, it is provided that

"There is hereby levied a tax upon: * * * *the use,* * * * in this State, of each item or article of tangible personal property, as defined herein, * * * within the State of Louisiana; the levy of said tax to be as follows: * * *

"(b) At the rate of one percent (1%) of the cost price of each item or article of tangible personal property when the same is not sold but *is used,* * * * in this State; * * * *." (Italics ours.)

In Section 4 of the act it is expressly provided that the "Use Tax" shall not be levied when a like tax "equal to, or greater than, the amount imposed by this Act has been paid in another State." In the same section it is stated that, while it is not the intention thereof to levy a tax on bona fide

interstate commerce, property imported into the state, purchased, or manufactured here for export, "It is * * * the intention of this Act to levy a tax on the sale at retail, *the use,* the consumption, the distribution, and the storage to be used or consumed in this State, of tangible personal property after it has come to rest in this State and has become a part of the mass of the property in this State." (Italics ours.)

The defendant, while residing in Fort Worth, Texas, purchased, for her personal use, on March 3, 1939, from the Steve Cooke Motor Company of that city, a $1,100 Dodge automobile. On the 15th day of the same month she moved to Alexandria, Louisiana, where her husband was employed by the James P. Taylor Company as a building contractor in the construction of a new court house. On her arrival in Alexandria, she immediately rented a furnished apartment for the purpose of housekeeping, and entered her daughter in the public schools of this state. On March 25, 1939, the defendant, in making application for a Louisiana license for the car, stated that her residence was 1906 Hill Avenue, Alexandria, Rapides Parish, Louisiana. She was still residing in Alexandria when this case came to trial on October 4, 1939.

The record also shows that the defendant's husband began work on the court house at Alexandria in December, 1938, and expected to remain there until the building was completed, which would be about the end of the year 1939. He had been sent to Alexandria from Minden, at which place he had been employed by the same company, while engaged in the construction of a school house.

A tax similar to the one the state is here endeavoring to collect was attacked in the case of Henneford, et al. v. Silas Mason Company, Inc., et al., 300 U.S. 577, 57 S.Ct. 524, 526, 81 L.Ed. 814, by contractors, who had purchased machinery and equipment in other states, moved it into the State of Washington, and were there *using* it in connection with the construction of the Coulee Dam. They obtained a writ of injunction to restrain the State of Washington from collecting the tax on the ground that it was unconstitutional, but the Supreme Court of the United States upheld the tax on appeal. In the course of the opinion the court said:

*"The tax is* not upon the operations of interstate commerce, but *upon the privilege of use after commerce is at an end.* * * *

"A tax upon the privilege of use or storage when the chattel used or stored has ceased to be in transit is now an impost so common that its validity has been withdrawn from the arena of debate. * * *

"Equality is the theme that runs through all the sections of the statute. There shall be a tax upon the use, but subject to an offset if another use or sales tax has been paid for the same thing. This is true where the offsetting tax became payable to Washington by reason of the purchase or use within the state. It is true in exactly the same measure where the offsetting tax has been paid to another state by reason of use or purchase there. No one who uses prop-

erty in Washington after buying it at retail is to be exempt from a tax upon the privilege of enjoyment except to the extent that he has paid a use or sales tax somewhere. Every one who has paid a use or sales tax anywhere, or, more accurately, in any state, is to that extent to be exempt from the payment of another tax in Washington.

"When the account is made up, the stranger from afar is subject to no greater burdens as a consequence of ownership than the dweller within the gates. * * *" Henneford, et al. v. Silas Mason Company, Inc., supra. (Italics ours.)

There is nothing in the record to show that the property purchased by the defendant has ever been subject in any other state to a tax similar to that here sought to be collected. In fact, we understand there is no such tax in the State of Texas.

█ It is our opinion, therefore, that under the facts of this case the use which the defendant made of the automobile while in this state is within the meaning and contemplation of Act No. 2 of 1938, and that the defendant is liable for the amount of the tax, interest, penalties, and attorney's fees, as provided by the act.

Under the provisions of Section 9 of the act the defendant was required to remit the amount of the tax on the 20th of the month following its purchase and her bringing of the car into the State of Louisiana for personal use. Subsection (a). And it is further provided in the same section that "If the amount of tax due by the dealer is not paid on or before the date prescribed for its payment, there shall be collected, with said tax, interest upon said unpaid amount, at the rate of one percent (1%) per month, or fractional part thereof, from the date prescribed for its payment until it is paid, and, in addition to the interest that may be so due there shall also be collected a penalty equivalent to 10% of the tax due, when such tax is not paid within thirty (30) days from the final date prescribed for its payment, and in the event of suit attorney's fees at the rate of ten percent (10%) on the aggregate amount of tax, interest and penalty." Subsection (c).

For the reasons assigned, the judgment of the lower court is set aside and it is now ordered that there be judgment in favor of the State of Louisiana and against the defendant in the amount of $11, being one percent of $1,100, plus one percent per month or fractional part thereof from April 20, 1939, until paid, and in addition thereto, $1.10 penalty, being ten percent of the amount of the tax, plus ten percent on the actual amount of tax, interest, and penalty for attorney's fees. Appellee to pay all court costs.

O'NIELL, C. J., dissents.

On Application for Rehearing.

PER CURIAM.

The defendant, for the first time in her application for rehearing, raises the point that this court was without appellate jurisdiction for the reason that only a question of fact is presented in the case and the amount involved is less than $2,000. She does not otherwise complain of the judgment.

In the case of State v. Standard Oil Company of Louisiana, 182 La. 577, 162 So. 185, 186, the identical point here urged was raised in a motion to dismiss the appeal, and we held that this court did have appellate jurisdiction, reaffirming the holding in the case of State v. Rosenstream, Weiss & Co., 52 La.Ann. 2126, 28 So. 294, to the effect that "Where judicial interpretation of a tax statute is necessary to determine whether or not the tax as demanded is imposed by law, the question of legality vel non of the tax is raised, and the appeal taken may be to this court only." See, also, State v. Orfila, 116 La. 972, 41 So. 227; State v. Wenar, 118 La. 141, 42 So. 726; Downs v. Dunn, 162 La. 747, 111 So. 82; and State v. Cedar Grove Refining Co., 178 La. 810, 152 So. 531.

Rehearing refused.