**24 So.2d 366**

**TRORLICHT v. COLLECTOR OF REVENUE.**

**No. 37831.**

Dec. 10, 1945.

For opinion of Court of Appeals, see 25 So.2d 547.

John B. Smullin, of Baton Rouge, for appellant Department of Revenue.

Monroe & Lemann, of New Orleans (Herold, Cousin & Herold, of Shreveport, of counsel), for appellee.

HAMITER, Justice.

The Collector of Revenue of the State of Louisiana is seeking in this cause judicial recognition and approval of an assessed deficiency of $900.15 in the state income taxes of Mrs. Lillian Fabacher Trorlicht for the calendar years 1938 and 1939.

The named tax payer, who is the wife of O. A. Trorlicht and a resident of New Orleans, commenced the instant proceeding by presenting to the State Board of Tax Appeals a petition in which she alleged her receipt of a notice of deficiency in the above amount, disputed the correctness of the claimed indebtedness, and prayed that the Board determine that there is no deficiency due by her. Following a regular hearing on that petition, the Board ruled in favor of Mrs. Trorlicht.

Thereafter, the Collector of Revenue petitioned the Civil District Court of the Parish of Orleans, in accordance with Sec-

tions 19 and 20 of Act No. 299 of 1942, for a review and the annullment of the decision of the Board of Tax Appeals, he praying that there be judgment upholding the deficiency as ascertained by him. The requested review was granted; but the court affirmed the decision of the Board of Tax Appeals, having found that no error had been committed. From the judgment, the Collector perfected this appeal.

■ Necessary to be determined first is the question of whether or not this court has jurisdiction of the appeal. True, no motion has been filed to dismiss this appeal or to transfer it to the Court of Appeal; but, under repeated decisions of this court, we must take notice of our lack of jurisdiction even though no litigant makes an issue of it. Pawnee Land & Lumber Co. v. Guillory, 144 La. 597, 80 So. 890; Dupont v. Harris Ice Cream Co., Inc., 149 La. 729, 90 So. 144; Vogt v. Jannarelli, 195 La. 277, 196 So. 346, and State v. Cook et al., 197 La. 1027, 3 So.2d 114.

■ Unquestionably, the amount of the taxes in contest ($900.15) is insufficient to bring the case within that provision of Section 10 of Article 7 of the Louisiana Constitution which states that the Supreme Court "shall have appellate jurisdiction in civil suits where the amount in dispute * * * shall exceed Two Thousand Dollars exclusive of interest * * *." The only remaining provision of the Constitution that could possibly authorize our entertaining jurisdiction of the appeal appears in the fifth paragraph of the mentioned Section 10 of Article 7 and reads: "It [Su-

preme Court] shall have appellate jurisdiction in all cases wherein the constitutionality or legality of any tax * * * levied by the State * * * is contested * * *." Clearly, the instant case presents no constitutional problems. But does it involve a contest respecting the legality of the income tax levied by the State of Louisiana? (Brackets ours).

Of much assistance in answering this question is the following observation made in the comparatively recent case of State v. Whitehead Motor Co., Inc., 179 La. 710, 154 So. 912, 913:

"It is well settled that this court has appellate jurisdiction over questions of legality, as well as over questions of constitutionality, of any tax claimed by a tax collector as having been levied by the state, or by a municipality, or parish, or other taxing subdivision of the state. And the question of legality of a tax is in contest when a judicial interpretation of the tax statute invoked is necessary to determine whether the tax claimed is due, or when the defendant pleads that there is no statute compelling payment of the tax claimed. State v. Rosenstream, Weiss & Co., 52 La. Ann. 2126, 28 So. 294; State v. Orfila, 116 La. 972, 41 So. 227; State v. Wenar, 118 La. 141, 42 So. 726; Downs, Tax Collector, v. Dunn, 162 La. 747, 111 So. 82; State v. Cedar Grove Refining Co., 178 La. 810, 152 So. 531."

The doctrine of the Whitehead case was affirmed, and many of its supporting authorities were cited approvingly, in State ex rel. Grosjean, Supervisor of Public Ac-

counts, v. Standard Oil Co. of Louisiana, 182 La. 577, 162 So. 185.

To decide the present cause, obviously, there is no necessity of judicially interpreting the statute under which the disputed income tax was levied. In his petition to the Civil District Court, the Collector of Revenue alleged:

"That the question decided in this matter by the Board of Tax Appeals is whether or not, under the facts involved herein, the fruits and revenues from the wife's separate and paraphernal property during the years 1938 and 1939 was the wife's separate income or whether it was community income, the Board holding that it was community income."

And in the brief filed here by counsel for the Collector it is stated:

"This is an income tax case in which the Department of Revenue claims that the fruits from the wife's separate property become her separate income rather than that of the community. * * *"

Similarly, counsel for the tax payer show in their brief that:

"The State contends that the income in question did not fall into the community because the husband did not exclusively administer the wife's separate property from which the income accrued. We contend that the income from the wife's separate property, like the income from the husband's separate property, will fall into the community unless it is shown that the wife is administering her property separately and alone and for her own benefit."

As is disclosed by those declarations, the cause requires a judicial interpretation of the articles of the Revised Civil Code which deal with separate and community property, not a judicial interpretation of the income tax laws. It follows, therefore, that the legality of the income tax is not contested and this court is without right to entertain the appeal.

The same conclusion was reached by counsel for both litigants, following their giving consideration to the discussed jurisdictional point. In a memorandum brief, signed jointly by them and furnished to us after the submission of the case and the drafting of this opinion, they observe in part:

"* * * We must, however, say frankly that we think * * * that in the present case the sole question is to whom belongs the income which is sought to be taxed. It appears to us accordingly that the case should be transferred to the Court of Appeal for the Parish of Orleans, pursuant to the provisions of Act No. 19 of 1912, Dart's General Statutes, Section 1427. See State v. Baynard, 203 La. 711, 14 So.2d 611."

For the reasons assigned it is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans, pursuant to the provisions of Act No. 19 of 1912, provided that the appellant shall file the record in such court within thirty days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed.