HAMITER, Justice.
 

 These two suits, consolidated in the district court and also here because of the similarity of issues, were instituted. for the purpose of recovering the sums of $481.81 .and $191.70 which plaintiff paid under protest as ad valorem taxes to the City of New Orelans and the State of Louisiana, respectively.
 

 For. causes of action plaintiff, a foreign automobile insurance corporation qualified to do business in Louisiana, alleged that ■the assessments under which the defendants ■collected the taxes were against certain anticipated automobile insurance premiums; that the premiums were erroneously assessed'under the mistaken belief that they represented personal property in the nature of “Credits” as defined by Act 170 of 1898, as amended by Act 109 of 1921, LSA-R.S. 47:1901 et seq.; and that plaintiff extends no “credit” in the issuance of insurance policies, all premiums therefor being payable in advance.
 

 The district court rendered judgments in favor of plaintiff, .after a trial of the merits of the cases, and the defendants appealed to the Court of Appeal of the Orleans Circuit.
 

 Although the amount in dispute does not exceed $2,000, the Court of Appeal transferred the áppeals to this court. See 57 So.2d 798. The reason assigned for its ruling was that the legality of a tax is contested in these causes within the contemplation of that provision of Article 7, Section 10 of the Louisiana Constitution of 1921 reciting that the Supreme Court “ * * * shall have appellate jurisdiction in all cases wherein the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the State, or by any parish, municipality, board, or subdivision of the State is contested, or where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof, * * *.” And in support of that conclusion the court cited Meyer v. Pleasant, Sheriff and Tax Collector, 41 La.Ann. 645, 6 So. 258, Williams v. Triche, Sheriff and Tax Collector, 107 La. 92, 31 So. 926 and Esto Real Estate Corporation v. Louisiana Tax Commission,
 
 *1066
 
 13 La.App. 81, 127 So. 12, in each of which the quoted constitutional provision was construed to mean that the legality of a tax is in contest, and the Supreme Court has jurisdiction, whenever the tax debtor urges (as does the plaintiff herein) that the property is not subject to assessment and taxation.
 

 But the construction furnished by the ■cases so relied on is, in our opinion, improper. In fact, as hereinafter shown, it has since been repudiated.
 

 The quoted constitutional provision, it will be noticed, vests appellate jurisdiction in this court in cases where the constitutionality or legality of a levied tax or an imposed penalty (among other things) is in -contest, whatever may be the amount there•of, no distinction between the tax and the penalty being therein made.
 

 As to the penalty our jurisprudence, from its inception, has been uniformly to the effect that the constitutionality or legality thereof is contested only when the invalidity of the ordinance imposing the penalty is asserted. Third Municipality of New Orleans v. Blanc, 1 La.Ann. 385; Ex parte Travers, 3 La.Ann. 693; Penn v. First Municipality, 4 La.Ann. 13; Parish of West Baton Rouge v. Robertson, 8 La. Ann. 69; State v. Fourcade, 45 La.Ann. 717, 13 So. 187; State v. Callac, 45 La. Ann. 27, 12 So. 119; State v. Courcier, 46 La.Ann. 907, 15 So. 360; State v. Marshall, 47 La.Ann. 646, 17 So. 202; State v. Zurich, 49 La.Ann. 447, 21 So. 977; State v. Hohn, 50 La.Ann. 432, 23 So. 966; State v. Faber, 50 La.Ann. 952, 24 So. 662; Mayor of Town of Homer v. Brown, 117 La. 425, 41 So. 711; Town of Ruston v. Fountain, 118 La. 53, 42 So. 644; Town of Minden v. Crichton, 118 La. 747, 43 So. 395; City of New Orleans v. Williams, 134 La. 421, 64 So. 229; Town of Hammond v. Badeau, 137 La. 828, 69 So. 202; City of Shreveport v. Mackie, 140 La. 724, 73 So. 842; City of Shreveport v. Nejin, 140 La. 785, 73 So. 996; City of New Orleans v. New Orleans Butchers’ Co-op. Abattoir, Inc. 153 La. 536, 96 So. 113; Town of Waterproof v. Towles, 180 La. 168, 156 So. 211; City of Shreveport v. Aaldrup, 198 La. 893, 5 So.2d 143; State v. Garrett, 218 La. 538, 50 So.2d 24.
 

 For a number of years in its early jurisprudence this court held similarly with respect to suits involving assessments and levies of taxes, it refusing to entertain jurisdiction unless the statute or ordinance under which the tax was demanded had been attacked as being unconstitutional or illegal. First Municipality v. Pease, 2 La. Ann. 538; Charity Hospital v. Stickney, 2 La.Ann. 550; Second Municipality v. Corning, 4 La.Ann. 407; Charity Hospital v. Lammerman, 5 La.Ann. 380; Board of Health of Louisiana v. Pooley, Nicol & Co., 11 La.Ann. 743; Police Jury of the Parish of Jefferson v. Villaviabo, 12 La.Ann. 788; State ex rel. Oser v. Third Justice of the Peace of Orleans, 12 La.Ann. 789; State
 
 *1068
 
 ex rel. Breazeale v. Frank, 42 La.Ann. 225, 7 So. 674; Pratt, Tax Collector, v. Holmes, 43 La.Ann. 1016, 10 So. 198.
 

 Then came a departure from the latter holdings, the court in 1900 in State v. Rosenstream, 52 La.Ann. 2126, 28 So. 294, announcing and applying the doctrine that the legality of a tax is contested and the Supreme Court has jurisdiction whenever judicial interpretation of the taxing statute is necessary to determine the issues presented. This doctrine was followed in the following cases: State v. Pigot, 104 La. 683, 29 So. 335; Moody & Co., Ltd. v. Spotorno, 112 La. 1008, 36 So. 836; Monongahela River Consol. Coal & Coke Co. v. Board of Assessors, 115 La. 564, 39 So. 601, 2 L.R.A.,N.S., 637; State v. Orfila, 116 La. 972, 41 So. 227; State v. Wenar, 118 La. 141, 42 So. 726.
 

 A greater departure from the original interpretation regarding taxes appears in the Meyer and Williams cases, cited supra and relied on hy the Court of Appeal herein, they seemingly standing for the broad principle that the Supreme Court has appellate jurisdiction of any case wherein there is offered the contention, irrespective of the grounds therefor, that the property is not assessable or taxable.
 

 Apparently reinstating and following its early jurisprudence the court in State v. J. Foto & Bros., 134 La. 154, 63 So. 859 and State v. Serio & Messina, 149 La. 1006, 90 So. 385 (both suits to recover licenses) declined to examine issues that did not concern the validity of the taxing statute. In the latter case the following was said:
 

 “Although one of the questions, if still an issue, which plaintiff contends it is, involves an interpretation of the license law of the state, to determine whether the defendants were wholesalers, yet this does not give this court jurisdiction, for it does not put at issue the constitutionality of the license tax levied by the state, but simply raises the question whether defendants were, for the years named, wholesalers, and whether as such, under a valid law, they, are liable for the licenses exacted by the tax collector.”
 

 Again, in State v. Gallagher Transfer & Storage Company, Inc., 153 La. 533, 96 So. 111, 112, there arose the question of appellate jurisdiction of a' suit to recover taxes of not more than $2,000, the defendant having contended (among other things) that the license law levied no license upon its business of drayage. After quoting the-appropriate provision of the 1921 Constitution this court made reference to the confusion in the jurisprudence resulting from-two lines of decisions, it pointing out that one was represented by the Rosenst'ream,, Orfila and Wenar cases and the other 'by the Foto and Serio-Messina disputes. Then it sought to set ,at rest the confusion, using for that purpose and for declining-jurisdiction of the appeal the following unmistakable and forceful language:
 

 
 *1070
 
 “We have concluded to overrule the former line of decisions and adhere to the latter. It will be observed that the constitutional grant of jurisdiction to this court as to tire legality or constitutionality of any tax is precisely the same as where the legality or constitutionality of any fine imposed by a municipal corporation is involved; and this court has invariably held that in such cases its appellate jurisdiction was confined to an examination into the alleged illegality and unconstitutionality of the ordinance imposing the fine, all other questions being appeal-able elsewhere if at all. * * *
 

 “In the case before us the complaint is, not that the statute is unconstitutional, but that the judge has applied it to a case not covered by it.
 

 “We are of opinion that the constitutional grant of jurisdiction as to taxes was intended to give the1 taxpayer the right to test the constitutionality or legality of the law or ordinance under which the tax was levied; but that it was never intended that this court should be charged with interpreting in detail the provisions of every law or ordinance levying a tax regardless of the amount involved. In other words, this court has appellate jurisdiction in all cases, regardless of amount, when the validity of a statute or ordinance imposing a tax is involved, and to the -extent only of inquiring into such validity; but it is without such appellate jurisdiction-, when the matter involved is only the interpretation of the statute or ordinance and its applicability to particular cases, unless by reason of the amount involved.”
 

 The Gallagher decision was adhered to and its language quoted with approval in determining a similar issue in Hughes, Sheriff and Tax Collector v. S. B. Hicks Motor Company, Inc., 155 La. 228, 99 So. 47. Therein, after a recitation of the issue involved, it was also said:
 

 “All of which presents only matter of interpreting ,and construing the license statutes; * * *.
 

 “Accordingly, it will be seen that the defendant nowhere complains of the constitutionality of the license statute, but only that the trial judge has erroneously applied that statute to the facts of this case. And, as ,the amount involved is greatly below the minimum jurisdiction of this court ($2,000), we fail to see how we can entertain the appeal.”
 

 But the confusion thought to have been eliminated by the Foto, Serio-Messina, Gallagher and Hughes decisions reappeared in a comparatively short period of time. In Downs v. Dunn, 162 La. 747, 111 So. 82, the court, while purporting to distinguish those four cases, held that where judicial interpretation of a tax statute is necessary to determine whether or not the tax as demanded is imposed by law, the question of
 
 *1072
 
 legality vel non of the tax is raised and the appeal taken may be to the Supreme Court only. Authority cited for this holding were the Rosenstream, Orfila and Wenar cases which had been specifically overruled in the Gallagher matter. Then the opinion went on to recognize the virtual sameness of the appellate jurisdictional test respecting taxes and penalties; but it declared that as to the penalties (unlike taxes) the Supreme Court has jurisdiction only if the validity of the ordinance imposing the penalty is questioned.
 

 In several later tax disputes the Downs decision, as well as the specifically overruled Rosenstream, Orfila and Wenar cases on which it was predicated, was cited approvingly without any consideration being given to the soundness of the rule therein announced. State v. Cedar Grove Refining Co., Inc., 178 La. 810, 152 So. 531; State v. Whitehead Motor Co., Inc., 179 La. 710, 154 So. 912; State ex rel. Grosjean v. Standard Oil Company of Louisiana, 182 La. 577, 162 So. 185; State ex rel. Cooper, Collector of Revenue, v. Pape, 194 La. 890, 195 So. 346; Trorlicht v. Collector of Revenue, 209 La. 167, 24 So.2d 366; Town of DeQuincy v. Wood, 210 La. 504, 27 So.2d 314, 166 A.L.R. 1075.
 

 After much thought and study it is our firm conviction that the rule of the Downs case does not provide the correct interpretation of the discussed constitutional provision with reference to tax contests, and we have decided to follow it no longer. We think, rather, that the provision contemplates this court’s entertaining appellate-jurisdiction in cases of that nature (where the amount involved does not exceed $2,000) for the restricted purpose of inquiring into the validity of the statute or ordinance imposing the tax, just as was said in the Gallagher case. In this connection it-will be noticed that the contested constitutionality or legality provided for is with-reference to any tax levied, not to any claim for a tax. This obviously means that for jurisdiction to vest in the Supreme Court it must be contended in the cause that-the law levying the tax violates some constitutional requisite (a mere claim could not be unconstitutional) or that it otherwise has no legal existence. Lending eloquent support to this construction is the-fact, to which attention has been directed heretofore, that that portion of the constitutional provision relating to penalties employs precisely the same language and it has been thus construed consistently and', uniformly throughout our jurisprudence.
 

 No attack is made in these causes, on the statute under which the taxes. against plaintiff’s property were levied, and. the amount involved does not exceed $2,-. 000. This court, therefore, is without jurisdiction of the appeals.
 

 For the reasons assigned it is ordered that these appeals be retransferred to the Court of Appeal, Orleans Circuit,. pursuant to the provisions of LSA-R.S.. 13:4441 and 13 :4442, the records to be filed
 
 *1074
 
 in such court by appellants within 30 days from the date on which this decree shall become final; otherwise the appeals shall stand, dismissed. Appellee shall pay the ■costs of the transfer and retransfer of the ■appeals, it having filed motions to dismiss upon which the transfer 'by the Court of Appeal was predicated. All other costs shall await final disposition of the cases.