88 So.2d 16

F. Lisle PETERS and Mrs. Louise M. Peters

v.

William A. COOPER, Collector of Revenue, State of Louisiana.

No. 40847.

May 7, 1956.

A. Leon Hebert, Baton Rouge, for appellants.

Robert L. Roland, George C. Gibson, Levi A. Himes, Baton Rouge, for appellee.

PONDER, Justice.

Plaintiffs brought suit to recover the sum of $1,034.38, together with interest at the rate of 2% per annum, paid under protest as income tax to the Collector of Revenue, State of Louisiana. Plaintiffs allege that this amount should be refunded since, in levying the tax, the State has included in gross income the gains of the sale of certain intangible property (stock) sold outside of the State of Louisiana and that to include same is not warranted and in violation of the true intent and purpose of Act No. 21 of 1934, as amended by Act No. 200 of 1946, LSA–R.S. 47:21 et seq.

The district court rejected the demands of the plaintiffs and they have appealed to this Court.

The amount in dispute does not exceed $2,000 and, since the constitutionality or the legality of the tax is not in con-

test, this Court does not have jurisdiction. State Farm Mutual Automobile Insurance Company v. Ott, 221 La. 1061, 61 So.2d 872. Therein this Court reviewed the jurisprudence on this subject and concluded that whenever judicial interpretation of the taxing statute is necessary to determine the issues presented without the constitutionality or legality of the statute being assailed, this Court does not have jurisdiction of the matter when the amount in dispute does not exceed $2,000.

For the reasons assigned, it is ordered that this appeal be transferred to the Court of Appeal, First Circuit, pursuant to the provisions of LSA–R.S. 13:4441 and 13:-4442, the records to be filed in such court by appellants within 30 days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. All costs shall await final disposition of the case.